## WILLIAM JACOBS *v.* SWIFT AND COMPANY

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued May 4—decided May 18, 1954

*Howard A. Jacobs,* with whom, on the brief, were *Israel J. Jacobs* and *Stanley A. Jacobs,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* with whom were *Robert E. Cohn* and *George D. Stoughton,* for the appellee (defendant).

INGLIS, C. J. This action was brought by a child about three years of age to recover for personal injuries claimed to have been sustained as the result of the negligent parking of the defendant's truck by its agent. The jury returned a verdict for the defendant. From the judgment rendered thereon the plaintiff has appealed, assigning errors in the charge.

The plaintiff offered evidence to prove the following facts: Bank Street in Seymour is about thirty-six feet wide and runs in an easterly and westerly direction. It is intersected by Martha Street from the north only. The defendant's agent, on July 19, 1950, parked its truck, headed in an easterly direction, outside a line of cars standing along the southerly curb of Bank Street so that the truck blocked almost all of the eastbound lane. It was also within the intersection of Martha and Bank Streets. At the time, there was a vacant parking space less than 100 feet east of the front end of the truck. Another truck was parked on the opposite side of Bank Street approximately sixty feet east of the easterly corner of Martha Street. The defendant's truck, parked as it was, constituted a traffic hazard endangering persons using the highway.

More than three minutes after the defendant's truck was parked, Austin Brooks, driving his automobile easterly on Bank Street, pulled over to the

westbound lane to pass it. At the same time the plaintiff started to cross Bank Street from the south at the intersection and passed about twelve feet in front of the truck. The truck so obscured Brooks's view that until he was within ten feet of the plaintiff he did not see him. Brooks was unable to stop his car in time to avoid striking the plaintiff. As a result, the plaintiff was thrown forcibly to the pavement and injured.

The defendant did not allege contributory negligence as a defense, and therefore that issue was not in the case. General Statutes § 7836. Because of that fact the plaintiff complains of this sentence in the charge: "Now, when we consider a boy of tender years, he is bound only to the exercise of that care of a boy of similar age, judgment and experience, and he is bound only to exercise the care of a boy of similar age, judgment and experience under the circumstances." When taken out of its context, the sentence does seem to have a possible bearing on the question of contributory negligence. When read in its context, however, it clearly had nothing to do with any possible affirmative defense. The instruction was given in connection with a charge to the effect that a party is bound by what he ought reasonably to have seen or known just as much as by what he actually saw or knew and that, although everyone has a right to conduct himself on the assumption that all others will act with due care, that right ceases at such time as he should reasonably know that the assumption is unwarranted. The point of the sentence quoted was that the defendant's agent could not reasonably assume that the plaintiff would conduct himself with the same amount of care as a grown person, and it must have been plain to the jury that that was the point. Nowhere in the charge

did the court intimate to the jury that any negligence on the part of the plaintiff would defeat his cause of action. The instruction complained of did not constitute error.

The complaint charged the defendant with five particulars of negligence. Four of them were particulars in which it was claimed the defendant had violated statutory requirements, and the fifth was an allegation of negligence at common law. At the end of the portion of the charge in which these specifications of negligence were discussed in detail, the charge on common-law negligence having been discussed last, the court said, "Now, on this particular phase of the case, the first question you have to pass upon is whether the defendant was guilty of negligence in any one of these particulars to which I have made reference. In considering this question, you are limited to these specifications which are set forth in the complaint, because the plaintiff's case must stand or fall upon these particular claims. It is for you to determine whether the defendant was guilty of negligence in any one or more of these particulars, and in so doing you must test the conduct of the defendant by that standard of care which is ordinarily exercised by the ordinarily prudent person in like circumstances or under the same conditions involved in this case." To this the plaintiff has assigned error.

This claim of error is, of course, founded on the well-established principle that the violation of a statute designed for the protection of the public is in itself negligence irrespective of whether the conduct which constitutes the violation is that of a reasonably prudent person. *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 325, 99 A.2d 138. If the quoted portion of the charge could have been

understood by the jury to apply to the specifications of statutory negligence, the plaintiff's criticism of it would have been well founded. That, however, was not the case. A charge must be read as a whole, and an inadvertently inaccurate statement culled from it will not be regarded as reversible error unless it is reasonably probable that the jury would have been misled by it. *McMahon* v. *Bryant Electric Co.*, 121 Conn. 397, 406, 185 A. 181.

At the very beginning of the discussion of the specifications of negligence, the trial court told the jury that a violation of a statute constitutes negligence per se. This instruction was repeated at least four times, since the court concluded what it had to say on each of the four particulars in which the complaint alleged violation of a statute with the explicit instruction that, if the jury found that the defendant had violated the statute in the particular under discussion, they must find that it was negligent in that particular. It is inconceivable that, hearing the charge as a whole, the jury could have received an erroneous impression as to the law on the subject. The portion of the charge under consideration was not reversible error.

The two other assignments of error directed at the charge as given are without merit. The plaintiff also complains of the failure of the court to charge as requested on the subject of proximate cause and intervening cause in relation to the claimed concurring negligence of Brooks. This subject was fully and accurately covered in the charge. Error may not be predicated upon the failure of the court to charge in the exact language of the requests. *Ziskin* v. *Confietto,* 137 Conn. 629, 632, 79 A.2d 816.

There is no error.

In this opinion the other judges concurred.