EMERY B. DANZELL III *v.* HOWARD G. SMITH

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 7—decided July 27, 1962

*Charles A. Watrous* and *William P. Simon*, for the appellant (defendant).

*John D. Fassett*, with whom, on the brief, was *Robert B. Snow, Jr.,* for the appellee (plaintiff).

Shea, J. The plaintiff brought this action to recover damages for personal injuries alleged to have been sustained in a collision as the result of the negligence of the defendant. At the conclusion of the evidence, the defendant moved for a directed verdict. The court denied the motion, and the jury returned a verdict for the plaintiff. The defendant has appealed from the judgment on the verdict, claiming that the court erred in the finding, in the charge to the jury, in denying a motion made by the defendant to set aside the verdict and in refusing to render judgment notwithstanding the verdict.

The plaintiff offered evidence to prove and claimed to have proved the following facts: The Wilbur Cross Parkway in Hamden runs generally in a northerly and southerly direction. The parkway is divided into two roadways by an unpaved center space seven feet wide, with a curb four inches high on each side. The roadways are constructed of concrete, are each twenty-four feet wide, and have tar shoulders along the outer edges. The parkway in this area is substantially flat and straight, and

there is nothing to obstruct the view of the operator of a car traveling northerly. On August 14, 1957, at about 8:30 a.m., the plaintiff was operating an automobile, at approximately fifty-five miles an hour, southerly on the southbound roadway when a car driven by the defendant in a northerly direction crossed the center strip and collided with the plaintiff's car. The plaintiff saw the defendant's car coming toward him and pulled farther to his right, but he was unable to avoid the accident. He sustained serious personal injuries, and his car was badly damaged. The posted speed limit on the parkway in this area is fifty-five miles per hour. The weather was clear and the road was dry. There were no eyewitnesses to the accident. The damage to the vehicles indicated that the front of the defendant's car struck the left side of the plaintiff's car. Immediately before the collision, the defendant had tried to steer around or away from another car. The defendant's car left no marks before reaching the point of collision, either on the highway or on the center strip. There were no mechanical defects in the defendant's car. The defendant was not asleep at the time of the accident. The defendant had left his home in New York City at 6:35 a.m. It is about fifty miles from the New York state line to the scene of the accident.

The defendant did not testify at the trial. The evidence offered by the defendant related only to the plaintiff's injuries.

The plaintiff alleged that the defendant had violated a statute of this state by driving over and across the dividing space and onto the wrong side of the highway. The court, in its instructions, read to the jury the provisions of § 1389d of the 1955 Cumulative Supplement (General Statutes

§ 14-237).[1]  The court stated that the Wilbur Cross Parkway, at the point of the accident, was a divided highway, and it pointed out that the statute contained two parts.  The first requires each vehicle to be driven only on the righthand roadway; the second provides that no vehicle shall be driven over or across the dividing space except through an authorized opening or crossover.  The court left it to the jury to determine whether there had been a violation of the statute as to one or both parts, and it charged that a violation of the statute would constitute negligence.

The defendant took exception to the charge, stating that the court "didn't point out to the jury that that statute calls for an affirmative act on the part of somebody.  It talks about the car being driven across.  It does not talk about the mere fact that the car is there and on the wrong side of the road.  It requires a finding by a jury, in order to find that statute violated, of an affirmative intent on the part of the operator, and I think that's completely lacking."  The defendant, in his brief, places special emphasis on the word "driven," as used in the statute, and claims that the jury should have been instructed that they could not find that he was violating the statute without evidence that he took some affirmative action which caused the vehicle to take the course which it did.  There is no merit to this contention.  Where the language of the statute con-

---

[1] "Sec. 14-237.  DRIVING ON DIVIDED HIGHWAYS.  When any highway has been divided into two roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section, each vehicle shall be driven only upon the right-hand roadway and no vehicle shall be driven over or across any such dividing space, barrier or section, except through an opening or at a crossover or intersection established by public authority."

cerning the operation of motor vehicles is clear, there is no choice but to apply that language so as to give the effect expressed in it. The violation of a statute designed for the protection of the public is, in itself, negligence. *Jacobs* v. *Swift & Co.,* 141 Conn. 276, 279, 105 A.2d 658; *Essam* v. *New York, N.H. & H.R. Co.,* 140 Conn. 319, 325, 99 A.2d 138. To require affirmative proof of an intent to commit the act prohibited by § 14-237 would import a requirement into the statute never contemplated by the legislature. Where, as here, the course of a motor vehicle is contrary to the statute, it is usually a permissible inference that the operator of the vehicle was the responsible agent in causing it to take that course.

The defendant also took exception to the charge concerning excessive speed, stating that there was no evidence to support any finding of excessive speed, and that if there was any such evidence, the jury should be instructed that speed would be a remote, rather than a proximate, cause of the accident. The defendant also excepted to the charge concerning the duty of the operator to keep a proper lookout. The defendant maintained not only that it was unnecessary to charge the jury on this point because the issue of lookout was not involved in the case but also that the charge as given by the court could be confusing to the jury. It is true that the plaintiff did not claim to have proven by the testimony of witnesses either excessive speed or lack of a proper lookout. In the facts claimed to have been proven, however, there was a considerable amount of circumstantial evidence from which the jury could have inferred that the defendant was negligent in either one or both of these respects. The court properly left the question of proximate

cause for the jury to decide. *Facey* v. *Merkle,* 146 Conn. 129, 135, 148 A.2d 261.

The defendant also claims that the court erred in charging the jury concerning the failure of the defendant to testify and the right of the jury to draw an adverse inference from his failure to do so. No exception was taken to this portion of the charge, and hence we do not consider it. Practice Book § 153. The defendant further claims that the court erred in refusing to charge, as requested, with respect to the requirement that the plaintiff must establish the negligence of the defendant by evidence sufficient to remove that issue from the field of surmise, speculation and conjecture. The court did not charge in the language requested, but it properly, in clear, unequivocal language, instructed the jury on the legal requirements of proof in this respect. It was not necessary to adopt the precise language of the request, and the court did not err in failing to do so. *Szela* v. *Johnson Motor Lines, Inc.,* 145 Conn. 714, 722, 146 A.2d 910; *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 99, 119 A.2d 736. The court did not err in its charge to the jury.

At the close of the evidence, the defendant moved for a directed verdict in his favor. The court denied the motion. Following the rendition of the verdict, the defendant moved to set aside the verdict and for judgment notwithstanding the verdict. He does not question the fact that the parties were proceeding in opposite directions on their respective roadways, nor that his car came sharply across the dividing space and struck the plaintiff's automobile on the southbound roadway. He also concedes, as indeed he must, that a violation of § 14-237 would constitute negligence in and of itself. *Farlow*

v. *Connecticut Co.,* 147 Conn. 644, 647, 166 A.2d 202; *Jacobs* v. *Swift & Co.,* 141 Conn. 276, 279, 105 A.2d 658. He takes the position, however, that this case comes squarely within the scope of cases such as *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148, and *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750. He argues that he might have had a sudden illness or that he could have been crowded off the road or sideswiped by someone on his own side of the road. He suggests that some emergency of unknown origin may have arisen on his side of the road and that, in trying to steer away from or around another car, he went across the center strip. The defendant suggests all of these various possibilities in an attempt to bring the case within observations of a similar nature made in the cases on which he relies. The present case is readily distinguishable on its facts from those cases. Here, there was evidence as to how the accident happened; the plaintiff testified about what he saw, and evidence surrounding the occurrence was introduced through other witnesses. In the *Chasse* and *Palmieri* cases, there was no information as to how the accidents occurred, since the drivers were killed, the passengers had been asleep, and there were no eyewitnesses. Thus, in those cases, many possible explanations, on which the jury could only speculate, presented themselves. In the present case, in contrast, there is little doubt about the manner in which the accident occurred, and there is strong prima facie evidence of the defendant's negligence. His failure to testify at the trial or to come forward with some explanation of why he crossed the dividing space cannot be excused by his extrajudicial statement that his memory failed him. There can be no doubt that

the facts in this case were adequate to warrant the jury in drawing the inference that the defendant was the responsible agent in causing his vehicle to take the course it did. There was an abundance of evidence on which the jury could find the issue of liability in favor of the plaintiff. The court did not err in refusing to set aside the verdict and in denying the motion for judgment notwithstanding the verdict.

The other assignments of error do not require discussion.

There is no error.

In this opinion the other judges concurred.