Nancy RIVERO et al., Plaintiffs-
Appellees,

v.

Simon KRUGER, Administrator of the
Estate of Harvey Sosnowick,
Defendant-Appellant.

No. 419, Docket 32663.

United States Court of Appeals
Second Circuit.

Argued March 3, 1969.

Decided March 12, 1969.

Louis M. Winer, New Haven, Conn. (Morris Tyler and Louis M. Winer, of Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., on the brief), for defendant-appellant.

Waldemar J. Lach, Hartford, Conn. (Waldemar J. Lach and Joseph J. Trantolo, of Trantolo & Lach, Hartford, Conn., on the brief), for plaintiffs-appellees.

Before LUMBARD, Chief Judge, SMITH, Circuit Judge, and McLEAN, District Judge.[*]

PER CURIAM:

At about 12:30 P.M. on January 3, 1965, plaintiff Manuel Rivero was driving his Pontiac automobile, in which his wife Nancy and his son Elvis were passengers, eastbound on the Merritt Parkway in the Town of Norwalk, Connecticut. Defendant's intestate, Harvey Sosnowick, was driving westbound in his Rambler automobile. His wife was a passenger. She was asleep.

Suddenly Sosnowick's vehicle swerved to its left, went over the curb at the edge of the center strip, crossed the center strip, entered the eastbound lane and crashed into Rivero's vehicle. Sosnowick was killed. The three Riveros sustained injuries of varying degrees of severity.

After a nonjury trial, Judge Blumenfeld found in favor of all three plaintiffs and awarded damages to each of them in varying amounts. He awarded Manuel Rivero $5,604.85, Nancy $22,690, and Elvis $200. Nancy's recovery was considerably larger than the others because the court found that as a result of the accident she had suffered an ear condition known as tinnitus which caused a permanent partial impairment of her hearing.

Defendant contests the amount of Nancy's recovery. There was, however, evidence to support Judge Blumenfeld's finding as to the nature and extent of her injuries. We cannot say that the finding was clearly erroneous.

[*] Of the Southern District of New York, sitting by designation.

Defendant's principal attack upon the judgment is based upon the contention that the evidence was insufficient to establish negligence on the part of Sosnowick and that consequently, defendant's motion to dismiss should have been granted. It is true that since Sosnowick was killed, he could not testify as to what happened. Since his wife was asleep, she could offer no explanation. The Riveros and the occupants of another automobile on the eastbound lane at the time did not know what caused Sosnowick's automobile to behave in this erratic fashion in broad daylight on a wide, level highway. The only other person in the vicinity was a highway workman, Boyle, who was on the westbound lane some distance ahead of Sosnowick's car. He had his back to the scene, however, and did not see the accident.

■ Nevertheless, after careful consideration of the record, we are satisfied that there was enough evidence to justify the district court's finding of negligence. The position of the two automobiles after the collision, and the nature of the damage to them, was such as to support an inference that Sosnowick had made a last-second effort to turn his car to the right to avoid striking Rivero's vehicle. This indicates that Sosnowick was alive and conscious at that moment and that he had not previously lapsed into unconsciousness for some unexplained reason. The hypothesis of a sudden heart attack or other seizure, in support of which there was no proof whatever, was further discredited by the fact that Sosnowick was only 26 years old and apparently in excellent health. There was no evidence of any sudden mechanical failure of his car. On the contrary, the evidence showed that Sosnowick had maintained his automobile in good condition.

Connecticut General Statutes § 14–237 pertaining to driving on highways divided by a center strip, provides that "no vehicle shall be driven over or across any such dividing space * * *." In Danzell, III v. Smith, 150 Conn. 35, 184 A.2d 53 (1962), the Supreme Court of Errors held that a violation of this statute constitutes negligence in and of itself. In response to defendant's objection that the evidence showed only that his automobile had actually crossed the dividing space, not that he had "driven" it across, the court said:

"Where, as here, the course of a motor vehicle is contrary to the statute, it is usually a permissible inference that the operator of the vehicle was the responsible agent in causing it to take that course." (184 A.2d at 55.)

■ Judge Blumenfeld relied on this decision, and we think properly so. As we have pointed out, there was evidence here from which the court could find that defendant was still "driving" the automobile when it crossed the center strip. This distinguishes this case from Chasse v. Albert, 147 Conn. 680, 166 A.2d 148 (1960); Palmieri v. Macero, 146 Conn. 705, 155 A.2d 750 (1959) and similar cases relied upon by defendant.

The judgment is affirmed.