[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE (104) (115)
Plaintiff, a minor child, has brought this action by a parent and next friend seeking damages for personal injuries arising out of his exposure to lead-based paint in premises owned by various defendants. The complaint sets forth plaintiff's cause of action in fifteen counts. Count eleven, addressed to defendant Emery J. Melody, and Count fourteen addressed to defendants Michael R. and or Eileen M. Sadlow purport to set forth claims that such defendants engaged in conduct which was negligent per se in violation of General Statutes Section 47a-7 and 47a-8. The basic allegations of such claims are that the defendants allowed the presence of cracked, chipped, blistered, flaked, loose or peeling lead based paint to exist in the dwelling unit occupied by plaintiff. Defendants Sadlow and Melody have moved to strike the eleventh and fourteenth counts claiming that such counts fail to state a claim upon which relief may be had. For reasons hereafter stated the motions are denied.
The motion to strike is the correct pleading by which to challenge the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Gordon v. CT Page 1278 Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike admits all facts well pleaded, but it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The motion to strike must fail "if the facts provable under its allegations would support a . . . cause of action." Mingachos, supra, 109.
The question presented by these motions is whether or not, as plaintiff claims, by enacting General Statutes Section 47a-7 and47a-8 the legislature established per se liability by expanding on the common law and creating a standard of conduct, the violation of which, results in liability.
Negligence per se operates to engraft a particular legislative standard onto the general standard of care imposed by traditional tort law principles, i.e., that standard of care which an ordinarily prudent person would conform his conduct. To establish negligence, the jury in a negligence per se case need not decide whether the defendant acted as an ordinarily prudent person would have acted under the circumstances. They merely decide whether the relevant statute or regulation has been violated. If it has, the defendant was negligent as a matter of law. See Prosser, Law of Torts Section 36. Wedland v. Ridgefield Construction Services, Inc. 184 Conn. 173, 178 (1981).
In determining whether the legislature has created a standard of care separate from the general standard of care the statutes in question must receive a strict construction. Willoughley v. New Haven, 123 Conn. 440, 454 (1937). A legislative intention not expressed in some appropriate manner has no legal existence. Connley, State's Attorney, ex rel. Brown v. Lawlor, 119 Conn. 155,163.
The plaintiffs base their negligence per se on General Statutes Sections 47a-7 and 47a-8. Subsection (a) of General Statutes Section 47a-7 provides, in part:
 "Section 47a-7. Landlord's responsibilities with the requirements of chapter 3680 and all applicable building and housing codes materially affecting health and safety of both the state or any political subdivision thereof; (2) make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition, except where the premises are intentionally rendered unfit or uninhabitable by the tenant, a member of his family or other person on the premises with his consent, in CT Page 1279 which case such duty shall be the responsibility of the tenant; . . ." (emphasis
General Statutes Section 47a-8 provides:
 Section 47a-8. Paint not conforming to standards renders property unfit
 The presence of paint which does not conform to federal standards as required in accordance with the Lead-Based Paint Poisoning Prevention Act, Chapter 63 of the Social Security Act, as amended, or of cracked, chipped, blistered, flaking, loose or peeling paint which constitutes a health hazard on accessible surfaces in any dwelling unit, tenement or any real property intended for human habitation shall be construed to render such dwelling unit, tenement or real property unfit for human habitation and shall constitute a noncompliance with subdivision (2) of subsection (a) of section 47a-7.
In Hardy v. Griffin, 41 Conn. Sup. 283, 284, 569 A.2d 49
(1990), a case of first impression in Connecticut, the plaintiff, bringing the action on behalf of her minor son, claimed damages under a theory of strict liability, alleging that he had suffered brain damage from his exposure to, and ingestion of, lead-based paint. The defendants were the owners of the premises which were leased by the plaintiff. According to the plaintiff, the defendants had violated both state statutes and a New Haven city ordinance in failing to keep the premises free of lead-based paint.
In support of the strict liability claim, the plaintiff cited General Statutes Sections 47a-8 and 47a-7, as the plaintiff has done in the present case, as well as the New Haven Code of General Ordinances, which the court noted imposes a stricter standard than the federal standards referred to in General Statutes Section 47a-8. Id., 285-86. The plaintiff in Hardy cited Panaroni v. Johnson, 158 Conn. 92, 256 A.2d 246 (1969), which also involved the New Haven housing code, for the proposition that the violation of an ordinance enacted for the protection of the public is negligence as a matter of law. Id., 286. "The Hardy court concluded that the plaintiff was a member of the class for whose protection the provision of the housing code was enacted. Id. It therefore concluded that the defendants' breach of the duty imposed by the New Haven Code of General Ordinances to maintain rental premises free of lead paint (or not to rent CT Page 1280 premises containing lead paint) rendered them strictly liable for the plaintiff's injuries". Id.
In the present case, there is no ordinance cited which is similar to New Haven's Code of General Ordinances, relied upon in Hardy. However, the rationale used in Hardy is nonetheless applicable to the present case.
Both parties cite to the following statement by Representative Robert G. Oliver contained in the legislative history of General Statutes Section 47a-8:
 Mr. Speaker, speaking on the bill as amended by Schedule "A", what this bill then does is amend existing state statutes, such as the habitability law, the toxic lead-based paint is a public health hazard or nuisance within the meaning of these bills and gives us access to relief, under their provisions, to those affected thereby. 14 H.R. Proc., Pt. 4, 1971 Sess., p. 19.
(Emphasis added.)
The above language indicates a legislative intent to alter the existing law. The language is consistent with a legislative recognition that toxic lead-based paint is a public health hazard or nuisance and an intent to provide relief to a class of persons affected by such hazard.
From the legislative history and the rational of the Hardy case it must be concluded that plaintiffs are members of the class for whose protection the statute was enacted and that the injuries alleged are the type the statute was enacted to prevent.
Even applying the strict construction which defendants urge the clear language of the statutes when read together require the above conclusion.
It could be argued that the reasoning in Wendland v. Ridgefield Construction Services, Inc., 184 Conn. 173 (1981) which held that a violation of Occupational Safety and Health Regulations (OSHA) did not constitute negligence per se necessitates a different result. The OSHA statutes however contained a statutory directive against and any expansion or reduction of common law liability. The statutes in question here contain no such limitation.
It is a "well-established principle that the violation of a statute designed for the protection of the public is in itself CT Page 1281 negligence irrespective of whether the conduct which constitutes the violation is that of a reasonably prudent person." Jacobs v. Swift Co., 141 Conn. 276, 279 (1954); see also Essam v. New York, N.H. H.R. Co., 140 Conn. 319, 324-25, (1953).
Based on the foregoing, it must be concluded that General Statutes Sections 47a-7 and 47a-8 do support a claim for negligence as a matter of law. It is further concluded that plaintiffs have pleaded sufficient facts to establish such a cause of action in counts eleven and fourteen.
Accordingly, the motions to like are denied.
PURTILL, J.