John Palmieri *v.* Grace Macero, Administratrix
(Estate of Anthony Giannetti)

King, Murphy, Mellitz, Alcorn and Phillips, Js.

Argued October 13—decided November 3, 1959

*Kenneth J. Zarrilli,* with whom, on the brief, were *Edward J. Lang, Burton J. Jacobson* and *Alfred A. D'Amore,* for the appellant (plaintiff).

*Frederick L. Comley,* for the appellee (defendant).

MURPHY, J.  The plaintiff was injured early in the morning of July 12, 1956, when his Cadillac automobile, operated at the time by his nephew, Anthony Giannetti, went over an embankment on the Pennsylvania turnpike.  The nephew did not survive.  The plaintiff was unable to testify as to the cause of the accident, since he had been asleep in the car and was only awakened when it struck a guardrail before going over the embankment.  There were no witnesses to the accident.

A Pennsylvania state policeman investigated the accident within an hour and traced the path of the car backwards, by the marks it had made, from the spot where it had overturned in a swamp at the foot of the embankment.  From this evidence the jury could find that the car, westbound, ran for about thirty feet along the north shoulder of the road, crossed the two westbound lanes into the grassy center strip, where it left marks for eighty-seven feet, and then went diagonally across the westbound lanes for a distance of 294 feet, on through two sections of the guardrail on the northerly shoulder, and down the embankment for a distance of 100 feet. The plaintiff contended that the jury could reasonably conclude that the nephew was negligently operating the car in one or more of the ways alleged

in the complaint. The jury returned a verdict for the plaintiff which the trial court set aside, and judgment was rendered for the defendant notwithstanding the verdict. Practice Book § 234. The plaintiff has appealed.

As the action of the court in granting the motion to set aside the verdict and rendering judgment notwithstanding the verdict must be tested by the evidence, a finding should not have been requested or made. *Tamarit* v. *Ottolini,* 145 Conn. 586, 591, 145 A.2d 587; Practice Book § 385. The assignment of error should have been filed with the appeal. Practice Book § 388. The sole question is whether the court erred in granting the motion. To determine this question, we must resort to the evidence presented and decide whether there was any evidence to sustain the verdict or whether the verdict was the result of speculation, conjecture and guesswork without benefit of credible evidence.

The trial court, in its memorandum of decision upon the motion, reviewed the evidence with scrupulous care and pointed out that while the marks upon and about the highway indicated that the car was then traveling at a fast rate of speed and was out of control, there was no basis for finding what caused the vehicle to make these marks or to follow the course which it did. Though it might be reasonable to assume, as the plaintiff maintains, that the nephew fell asleep at the wheel and thus lost control of the car, it is just as reasonable to suppose that any one of a number of other possibilities was the motivating factor for the erratic course which the car pursued. The operator might have been confronted by a sudden emergency not caused by his own negligence; *Puza* v. *Hamway,* 123 Conn. 205, 213, 193 A. 776; or he could have blacked out from

an attack of sudden illness. Indeed, he could even have been dead at the wheel when the car made the first marks upon the shoulder of the road. Inferences to be drawn from the facts proved must be reasonable and logical, and the conclusions based on them must not be the result of speculation and conjecture. *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335, and cases cited. The conclusion of the jury that negligence of the nephew was established was without evidential basis and could only have resulted from guesswork. *Latham* v. *Hankey,* 117 Conn. 5, 11, 166 A. 400. The existence of so many possibilities as to the proximate cause of this accident, together with the lack of facts pointing significantly to any one of them as due to the negligence of the nephew, renders the question of his negligence too conjectural and uncertain to warrant a verdict against the defendant. *Sigel* v. *Gordon,* 117 Conn. 271, 275, 167 A. 719. The trial court was justified in setting aside the verdict and rendering judgment notwithstanding it. *Fisher* v. *Jackson,* 142 Conn. 734, 738, 118 A.2d 316.

There is no error.

In this opinion the other judges concurred.