ROLAND CHASSE *v.* MARIE ALBERT, ADMINISTRATRIX
(ESTATE OF LUC ALBERT), ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 11—decided November 15, 1960

*Dominic J. Ferraina,* with whom were *James F. Kennedy* and, on the brief, *Peter J. Zaccagnino, Jr.,* for the appellant (plaintiff).

*William P. Aspell,* with whom, on the brief, was *George Muir,* for the appellee (named defendant); with him were *Edward J. Foley* and, on the brief, *Warren Maxwell,* for the appellee (defendant Daigle).

MELLITZ, J. The plaintiff was injured in a motor vehicle accident in Maine and brought this action

to recover damages for the injuries he sustained.
No direct testimony was presented to explain the
cause of the accident. The trial court directed a
verdict for the defendants, and the question is
whether it erred in refusing to set the verdict aside.

The jury, viewing the evidence in the light most
favorable to the plaintiff, could have found the fol-
lowing facts: The plaintiff was a passenger in a
car owned by the defendant Guy Daigle. It went
off the road near Skowhegan, Maine, early on the
morning of October 27, 1957. The car was being
operated by Luc Albert, the named defendant's dece-
dent. Daigle was also a passenger. Both he and
the plaintiff were asleep. The car went off the left-
hand side of the road, knocked down a utility pole
and turned over. The plaintiff was riding in the
front seat, Daigle in the rear seat. The party had
left Hartford the day before, with Daigle driving.
He drove about 250 miles and then Albert took over.
Albert had not worked the previous day and he had
slept a couple of hours en route. He was familiar
with the area where the accident occurred. He had
driven about sixty miles when it happened, at a
curve and approximately at a grade crossing. The
car, after it knocked down the utility pole and turned
over, came to rest in the left lane of the highway.
Only one other car was on the highway at the time.
It was approaching from the opposite direction and
was operated by David Pye, who gave the only testi-
mony as to how the accident happened. He said he
saw the lights of an approaching car at a distance of
about 150 yards, that the car appeared to keep about
"the same speed," and that the lights just seemed
to disappear off the road. A Maine statute provides
that the operator of a motor vehicle who passes a
sign, which is described in the statute, located more

than 100 feet from a grade crossing shall reduce the speed of the vehicle upon reaching a distance of 100 feet from the crossing. Me. Rev. Stat. Ann. c. 22, § 152 (1954).

The plaintiff was required to establish negligence on the part of the operator of the car by sufficient evidence to remove the issue from the field of surmise and conjecture. *Palmieri* v. *Macero,* 146 Conn. 705, 708, 155 A.2d 750; *Bruce* v. *McElhannon,* 141 Conn. 44, 48, 103 A.2d 335; *Latham* v. *Hankey,* 117 Conn. 5, 10, 166 A. 400. The evidence here completely lacked facts to support a finding of negligence. There were so many possibilities as to the cause of the accident other than negligence in the operation of the car that a finding of negligence on the meager evidence in the case could result in a verdict for the plaintiff based only on surmise, speculation and conjecture. *Sigel* v. *Gordon,* 117 Conn. 271, 275, 167 A. 719. Much the same situation was presented by the facts in the *Palmieri* case, supra, where the plaintiff had a verdict and the action of the trial court in setting it aside was sustained.

Aware of this obstacle to a verdict, the plaintiff contended that under the law of Maine; *Chaisson* v. *Williams,* 130 Me. 341, 156 A. 154; the doctrine of res ipsa loquitur is applicable to establish a prima facie case of negligence where there is an unexplained motor vehicle accident, the vehicle was within the exclusive control of the driver and proof of negligence is difficult or impossible. The law of the state where an automobile accident occurs governs so far as the substantive elements necessary to a recovery are concerned. *Williamson* v. *Massachusetts Bonding & Ins. Co.,* 142 Conn. 573, 578, 116 A.2d 169; *Gondek* v. *Pliska,* 135 Conn. 610, 613, 67 A.2d 552.

Matters of procedure are governed by the law of the forum. *Commonwealth Fuel Co.* v. *McNeil,* 103 Conn. 390, 406, 130 A. 794; Restatement, Conflict of Laws §§ 592, 595. The doctrine of res ipsa loquitur has no evidential force; it is a procedural convenience, not a rule of substantive law. *Levine* v. *Union & New Haven Trust Co.,* 127 Conn. 435, 438, 17 A.2d 500; *Ryan* v. *George L. Lilley Co.,* 121 Conn. 26, 30, 183 A. 2; *Stebel* v. *Connecticut Co.,* 90 Conn. 24, 26, 96 A. 171. This view is entertained in Maine. *Cratty* v. *Aceto & Co.,* 151 Me. 126, 132, 116 A.2d 623. Regardless of whether the doctrine would have been applicable had the action been tried in Maine, neither it nor any other Maine procedural rule has any extraterritorial application to an action tried in Connecticut, as this one was.

The plaintiff makes the further claim that under the law of Connecticut the doctrine is applicable and for that reason was available to him. The three conditions which form the basis for the application of the doctrine, in this state, were restated in *Briganti* v. *Connecticut Co.,* 119 Conn. 316, 320, 175 A. 679. The doctrine is applicable when the concurrence of these conditions justifies the inference, from proof of the injury, that it could not in general experience have occurred unless there had been a want of due care. *Shirlock* v. *MacDonald,* 121 Conn. 611, 614, 186 A. 562. As already noted, many possibilities, other than negligence on the part of the operator, existed as to the cause of the accident here. The doctrine of res ipsa loquitur was not available to the plaintiff in this situation.

There is no error.

In this opinion the other judges concurred.