TERMINAL TAXI COMPANY ET AL. *v.* KENNETH T.
FLYNN, ADMINISTRATOR (ESTATE OF
RALPH J. FLYNN)

ALCORN, HOUSE, COTTER, THIM and COVELLO, Js.

Argued March 6—decided April 2, 1968

*John H. Peck,* for the appellant (defendant).

*Richard J. Parrett,* with whom was *Carl M. Porto,* for the appellees (plaintiffs).

THIM, J.  This is an action brought by the plaintiff Joseph Natale to recover damages for personal injuries and by the named plaintiff to recover damages for injuries to property, which damages were alleged to be caused by the negligence of the defendant's decedent, Ralph J. Flynn, while he had been operating his automobile.  The case was tried to a jury.  At the conclusion of the evidence, the defendant moved for a directed verdict on the ground of the claimed insufficiency of the plaintiffs' evidence.  The motion was denied, and the jury returned a verdict for the plaintiffs which the court accepted.  The defendant moved the court to set aside the verdict and for judgment notwithstanding the verdict.  The motion was denied, and the defendant has appealed.  He assigns error in the denial of his motion for a directed verdict, in the denial of his motion to set aside the verdict and for judgment notwithstanding the verdict, in the refusal of the court to charge the jury as requested, in the charge as given, and in a ruling on evidence.

In reviewing the action of the court in denying the motion to set aside the verdict, we consider the evidence in the light most favorable to the plaintiffs. *Johnson* v. *Consolidated Industries, Inc.,* 153 Conn. 522, 524, 218 A.2d 380; *Lucier* v. *Meriden-Wallingford Sand & Stone Co.,* 153 Conn. 422, 427, 216 A.2d 818; *Blados* v. *Blados,* 151 Conn. 391, 393, 198 A.2d 213.  The jury could reasonably have found the following facts:  Long Wharf Drive, a public highway in New Haven, runs in a northerly and south-

erly direction. For some distance it parallels the Connecticut Turnpike. Canal Dock Road intersects Long Wharf Drive from the west but does not cross it. Both to the north and to the south of Canal Dock Road, Long Wharf Drive is straight and level for considerable distances. It is approximately forty-one and one-half feet wide. To the south of its intersection with Canal Dock Road, Long Wharf Drive is designated one-way for northbound traffic. North of the intersection it is designated for two-way traffic. On October 7, 1965, at about 5 p.m., Natale was operating a taxicab for the named plaintiff in a northerly direction on the right side of Long Wharf Drive. The visibility was good, and the surface of the highway was dry. As the taxicab closely approached the intersection at Canal Dock Road, it was forcibly struck at the left rear by the right front of an automobile owned and operated by the defendant's decedent. The accident occurred on the portion of Long Wharf Drive which had been designated one-way for northbound traffic. There were no skid marks in the area. Debris on the highway indicated that the point of impact was approximately fourteen feet west of the easterly curb of Long Wharf Drive and south of the intersection at Canal Dock Road. Five minutes after the accident occurred, an investigating officer arrived at the scene. He observed both vehicles resting on Long Wharf Drive. The taxicab was on the easterly side, approximately forty-eight feet north of the point of impact, and the Flynn car was on the westerly side, approximately ninety-four feet north of the point of impact. Although the taxicab had been moving at the time of impact, the force of the collision was severe enough to completely demolish both the right front part of the Flynn car from the front

center to the door on the right side and the left rear part of the taxicab. Flynn died within a matter of hours after the accident. Because of his physical condition prior to his death, he was unable to describe what had happened. Natale was the only eyewitness to the accident who testified.

The defendant bases his contention that the court erred in denying his motion for judgment notwithstanding the verdict or to set aside the verdict on his claim that the jury were required to speculate and guess as to what might have caused the Flynn car to collide with the taxicab.

The specifications of negligence in the amended complaint consist of excessive speed, insufficient control and lookout, failing to drive at a reasonable distance apart from the rear of the taxicab, failing to pass on the left side of the taxicab, and the negligent disregard of other traffic on the highway. Natale did not testify that the Flynn vehicle was being driven at a high rate of speed before the accident or that Flynn was not looking where he was going or that Flynn lost control of his car. The evidence as to these facts was circumstantial.

It is true that there was no direct evidence to show the manner in which Flynn was operating his vehicle before the impact. It is also true that the plaintiffs were required to remove the issues of negligence and proximate cause from the field of conjecture and speculation. *Chasse* v. *Albert,* 147 Conn. 680, 683, 166 A.2d 148; *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750. A plaintiff, however, may sustain his burden of proof by circumstantial evidence. A jury must often rely on circumstantial evidence and draw inferences from it. *Blados* v. *Blados,* 151 Conn. 391, 396, 198 A.2d 213. The drawing of inferences is peculiarly a jury func-

tion. *Pierce* v. *Albanese,* 144 Conn. 241, 256, 129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21. If the evidence in a case presents such a situation that the minds of fair and reasonable men could therefrom reach but one conclusion, there is no question for a jury. The case should be decided by the judge as essentially a question of law, and he may direct a verdict. *Lombardi* v. *J. A. Bergren Dairy Farms, Inc.,* 153 Conn. 19, 23, 213 A.2d 449. But if the evidence is such that honest and reasonable men could fairly differ and reach different conclusions, the issues should go to the jury for determination. *Engengro* v. *New Haven Gas Co.,* 152 Conn. 513, 516, 209 A.2d 174.

The defendant does not question the fact that the Flynn car and the taxicab were proceeding in the same direction or that the damage to the vehicles indicates that the Flynn car was traveling at a fast rate of speed. He claims, however, that Flynn might have been confronted with a sudden emergency or sudden illness. These possibilities are suggested in an attempt to bring the case within observations of a similar nature made in the *Chasse* and *Palmieri* cases, supra. The present case is distinguishable on its facts from those cases. Here, there was evidence as to how the accident happened: Natale testified about what he saw, and evidence of physical facts was introduced through the investigating officer. In the *Chasse* and *Palmieri* cases, there was no information as to how the accident occurred, and there were no eyewitnesses. Thus, in those cases, many possible explanations, on which the jury could only speculate, presented themselves. In the present case, in contrast, there is little doubt about the manner in which the accident occurred. The facts were adequate to warrant the jury in drawing the

inference that Flynn was the responsible agent in causing his car to take the course it did. The jury could have found from the nature and the extent of the damage to the vehicles that Flynn was operating his car at an excessive speed and that he was not driving at a reasonable distance apart from the taxicab. It was reasonable to infer that Flynn was attempting to pass the taxicab and, because the one-way traffic pattern terminated at the intersection, he accelerated the speed of his vehicle in order to complete the passing prior to entering the section of Long Wharf Drive where he would be confronted with oncoming traffic in the westerly lane.

It was not necessary that the plaintiffs' proof of negligence negate all possible circumstances which would excuse the defendant. 38 Am. Jur. 1031, Negligence, § 332. Nor was it necessary that the proof rise to that degree of certainty which excludes every reasonable conclusion other than that reached by the jury. *Cayer* v. *Salvatore,* 150 Conn. 361, 364, 189 A.2d 505; *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473. There was sufficient evidence on which the jury could find that Flynn was negligent in one or more ways alleged in the amended complaint and that his negligence was the proximate cause of the collision with the taxicab. The court did not err in refusing to set aside the verdict and in denying the motion for judgment notwithstanding the verdict.

During the direct examination of the police officer who investigated the accident, the plaintiffs offered as a full exhibit a diagram of the locus of the accident which the officer had prepared. In an examination preceding the ruling of the court on the admissibility of the diagram, the officer testified that certain marks which he made on the diagram were

based on his own personal knowledge. He also testified that his depiction on the diagram of the routes of travel by the vehicles from the point of impact to the points at which they came to rest was based on what he heard from others at the scene. The defendant objected to the admission of the diagram on the ground that it was based, in part, on hearsay evidence. The court overruled the objection and admitted the diagram in evidence. The diagram was not admitted for the limited purpose of aiding the officer to explain his testimony as was the case in *Capone* v. *Sloan,* 149 Conn. 538, 543, 182 A.2d 414. Rather, it was admitted as a full exhibit to be used as probative evidence of what it depicted. Thus, the exhibit became a pictorial representation of the testimony of the officer. See *Banks* v. *Watrous,* 134 Conn. 592, 595, 59 A.2d 723. Since the officer's portrayal of the paths of the two vehicles after impact was made, not from his own personal knowledge, but rather from what he heard from others, there was no adequate basis for the admission of the diagram as evidence of the routes which the vehicles had traveled after the accident. Id., 596; see 29 Am. Jur. 2d 855, Evidence, § 784. The ruling of the court admitting the diagram as a full exhibit gave it the effect of direct evidence of the paths of the vehicles as they appeared on the diagram. It was error to admit it as evidence of this fact.

To require a reversal, error must be harmful. The material issue in the present case was, not the courses of travel of the vehicles from the point of impact to their points of rest, but rather the manner in which the Flynn vehicle was being operated as it overtook the moving taxicab at the intersection. There were no skid marks in the area of the impact.

The extensive damage to the vehicles indicated that the Flynn car was going at a very high rate of speed when it struck the taxicab. In the light of this evidence, the course of travel of the vehicles after the accident was, at best, merely cumulative evidence of speed. Thus, we conclude that the error was harmless.

The defendant also contends that the trial court erred both in refusing to charge the jury that they could not award damages for any condition which Natale had before the accident and in giving an instruction which allowed the jury to assume that Natale had a compensable preexisting condition. We do not find that the trial court erred in either respect. Nowhere in the charge did the court indicate that the jury were to assume that Natale had some preexisting condition for which damages could be awarded. The court stated to the jury that Natale was entitled to recover damages for injuries proximately resulting from Flynn's negligence even though they were more severe because of "his preexisting condition of health." Following this instruction, the court charged: "In other words, the defendant takes the plaintiff as he finds him. . . . [A]ny injuries proximately caused by this accident are compensable. If they are not proximately caused by this accident, they are not compensable." We are satisfied that the trial court presented the issue of damages to the jury in such a way that injustice was not done to either party. *Lucier* v. *Meriden-Wallingford Sand & Stone Co.*, 153 Conn. 422, 425, 216 A.2d 818.

The request to charge dealing with credibility contains several argumentative factual claims and more than one principle of law. This request violated Practice Book § 252 and was properly refused.

*Himmelstein* v. *General Electric Co.,* 144 Conn. 433, 435, 133 A.2d 617.

The assignment of error concerning the court's refusal to charge on the responsibility of Flynn for circumstances beyond his control has not been briefed, and it is treated as abandoned. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 77, 239 A.2d 500.

There is no error.

In this opinion the other judges concurred.