JOSEPH MEYER *v.* JOHN T. BARNES
(2419)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued June 7—decision released September 4, 1984

---

*Brian M. Gildea,* with whom, on the brief, was *Michael P. Foley,* for the appellant (defendant).

*Steven J. Errante,* for the appellee (plaintiff).

PER CURIAM. This appeal[1] was taken by the defendant from the judgment rendered on the jury's verdict in a negligence action arising out of a collision between the parties' motor vehicles. The plaintiff alleged in his complaint that the defendant's negligence was the proximate cause of the accident. The defendant denied the plaintiff's allegations of negligence and interposed two special defenses to the plaintiff's complaint. One of the special defenses was that the plaintiff's negligence was the proximate cause of the accident and the other alleged that the accident was unavoidable.

On appeal, the defendant contends that the trial court erred in denying his motion for a directed verdict and his motion to set aside the verdict. He claims that the evidence introduced was insufficient as a matter of law to support a finding that the defendant was negligent.

In reviewing a jury verdict on a claim of insufficiency of the evidence, " 'the evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable.' " *Kalleher* v. *Orr,* 183 Conn. 125, 126–27, 438 A.2d 843 (1981); *Rapuano* v. *Oder,* 181 Conn. 515, 517, 436 A.2d 21 (1980); *Sauro* v. *Arena Co.,* 171 Conn. 168, 169, 368 A.2d 58 (1976).

From the evidence presented, the jury could have reasonably found the following facts: On January 25, 1978, at approximately 6:15 a.m., the plaintiff, owner and operator of a 1976 Dodge Aspen, was traveling in a westerly direction on Interstate 95 in the town of Branford and in the vicinity of exit 53. The defendant, owner

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

and operator of a tractor trailer, was also traveling in a westerly direction in the same place and at the same time. The roads in the center of Branford at approximately 5:45 a.m. were icy, and Interstate 95 was icy at the time of the accident. The plaintiff, while entering onto the interstate, determined that he had to travel at a slow speed; he saw accidents ahead and cars pulled off onto the right shoulder. The plaintiff, after traveling less than a quarter of a mile in two or three minutes, turned on his flashers and pulled off to the right shoulder of the highway. As the plaintiff was coming to a stop or had stopped, the defendant's vehicle collided with his vehicle. The impact, which was of great force, was to the left rear of the plaintiff's vehicle. The impact drove the plaintiff into the dashboard of his car. The left rear and the right front of the plaintiff's vehicle were damaged. The damage to the right front was from the impact of the collision, which caused the right front of the plaintiff's vehicle to strike a guardrail. The defendant's tractor trailer had jackknifed and the tractor was pointing in an easterly direction after the accident. The plaintiff then approached the defendant and said "You hit me." The defendant replied, "I got to get my load to New York."

The plaintiff alleges in his complaint that the defendant was negligent in one or more of five ways. One of the allegations concerned the.defendant's failure to keep his vehicle under proper control and another concerned the defendant's operating his vehicle at too high a rate of speed, having due regard for the traffic, weather, width and use of the highway.

"The test with reference to speed is that rate of movement which is reasonable under all the circumstances and is that speed at which a reasonably prudent person would operate under similar or like conditions." *Madow* v. *Muzio,* 176 Conn. 374, 379, 407 A.2d 997 (1978). Solely circumstantial evidence, without expert

testimony, can prove unreasonable speed. Id.; *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 318, 240 A.2d 881 (1968). The jury can, given appropriate circumstances, infer from the physical damage to a vehicle that a party was traveling at an unreasonable speed. *Terminal Taxi Co.* v. *Flynn,* supra. Those circumstances are presented here.[2]

The jury could also consider the defendant's response to the plaintiff's statement to the defendant which was made immediately after the accident. Although capable of more than one construction, the jury could reasonably have construed it as an indication that the defendant was in a hurry and was travelling at an unreasonable speed, given the prevailing conditions. Further, the jury could consider that the plaintiff's vehicle was struck while on the right shoulder of the road and was propelled into the guardrail.

On the issue of proper control, the jury was aware that the plaintiff was able to enter Interstate 95 and control his vehicle under the same weather conditions. They knew that the defendant's vehicle jackknifed and ended up facing the opposite direction. Further, there was evidence from which the jury could infer that the defendant was cognizant of the hazardous road conditions prior to reaching this point on the road. The plaintiff testified that the road conditions in Branford, more than one half hour before the accident, were icy

[2] The case cited by the defendant, *Toomey* v. *Danaher,* 161 Conn. 204, 286 A.2d 293 (1971), is distinguishable on its facts. *Toomey* involved a one car accident on a limited access highway where the car hit a guardrail. The weather conditions at the time of the accident were not mentioned, but apparently were immaterial to the decision. Further, the vehicle in that case had a fiberglass body. From those circumstances, the court determined that a much higher reasonable speed was applicable than the reasonable speed applicable in *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 240 A.2d 881 (1968). Accordingly, it found that the nature and extent of the physical damage to the vehicle alone could not establish unreasonable speed.

and that when he entered Interstate 95 he observed accidents ahead and cars pulled off to the side.

There was sufficient evidence on either or both of these two allegations for the jury to conclude that the defendant was negligent. The verdict was a general one and the jury could have found the defendant negligent in any one of the ways as alleged in the plaintiff's complaint. *Preisner* v. *Illman,* 1 Conn. App. 264, 266, 470 A.2d 1237 (1984). Where a jury could have reasonably reached its conclusion, its verdict should not be disturbed. Id., 267.

There is no error.