Leonard J. Roy, Administrator (Estate of Denise Roy) v. James J. Michaud et al.
(3446)

Dupont, C. J., Borden and Spallone, Js.

Argued November 7—decision released December 31, 1985

*Herbert Watstein,* with whom, on the brief, was *Julius Watstein,* for the appellant (plaintiff).

*Philip J. O'Connor,* with whom, on the brief, was *Stephen M. Riley,* for the appellee (defendant commissioner of transportation).

BORDEN, J. The plaintiff, the administrator of the estate of Denise Roy, appeals from a judgment in favor of the defendant commissioner of transportation. The principal issue in the case is whether the plaintiff produced sufficient evidence to permit a finding that the lack of a guardrail on the right hand side of a highway was the sole proximate cause of the death of Roy. We hold that the evidence was insufficient, and find no error.

Roy, a passenger in a motor vehicle operated by James J. Michaud, died when the vehicle left the traveled portion of interstate highway 95 and struck a rock ledge in close proximity to the shoulder of the highway. The plaintiff sued the commissioner pursuant to General Statutes § 13a-144, claiming that the commissioner's failure to remove the rock ledge or to erect

a guardrail between the rock ledge and the shoulder of the highway was the sole proximate cause of the death.

The trial court directed a verdict for the commissioner and denied the plaintiff's motion to set aside the verdict. The first ground of the court's rulings was that, despite the plaintiff's argument to the contrary, the claimed highway defect constituted a design defect as a matter of law, and that the evidence was insufficient to establish that the design rendered the highway out of repair from its beginning. See *D'Arcy* v. *Shugrue,* 5 Conn. App. 12, 15, 496 A.2d 967, cert. denied, 197 Conn. 817, 500 A.2d 1336 (1985). The second ground was that the plaintiff failed to remove from the realm of speculation the issue of whether Michaud was free from negligence, and, thus, the plaintiff could not, as a matter of law, establish that the claimed defect in the highway was the sole proximate cause of the death.

On appeal, the plaintiff challenges the trial court's ruling on the sufficiency of his evidence as to due care on the part of Michaud. He also claims error in the court's ruling that the claimed defect was a design defect, and in an evidentiary ruling which relates only to the issue of whether the highway was defective and not to the sole proximate cause issue. We find dispositive the commissioner's claim that the plaintiff failed to produce sufficient evidence to permit the jury reasonably to find Michaud free from negligence. We therefore find no error in the direction of the verdict and in the refusal to set it aside, and do not consider the plaintiff's other claims.

The commissioner's liability under the statute "can only be imposed if the defect in the highway is the sole proximate cause of the plaintiff's injuries and if those injuries are not also proximately caused by the negligence of . . . a third person." *D'Arcy* v. *Shugrue,*

supra, 14. Thus, the plaintiff was required to establish not only that the highway was defective, but also that Michaud was free from negligence. *Bartram* v. *Sharon,* 71 Conn. 686, 696, 43 A. 143 (1899).

"On reviewing the action of the trial court in first directing and thereafter refusing to set the verdict aside, the evidence must be considered in the light most favorable to the plaintiff." (Citations omitted.) *Kegel* v. *McNeely,* 2 Conn. App. 174, 177, 476 A.2d 641 (1984). That evidence is as follows: At the area in question the eastbound traveled portion of interstate 95 consists of two lanes. Adjacent to the southerly, or right hand, boundary of the right hand lane is a paved shoulder eight feet wide. Adjacent to the southerly, or right hand, boundary of the shoulder is a curb, and adjacent to the curb is a grassy rising embankment out of which jut three rock ledges or outcroppings. Two of these ledges, namely, the middle and the most easterly, are about twenty feet apart and are approximately seven feet from the curb at their most prominent points. There was no guardrail between the road and the rock ledges. There was a guardrail which began just easterly of the third of the rock ledges, and which ran further easterly.

Michaud, the driver of the motor vehicle in which Roy was a passenger, did not testify. The only eyewitness was Maria Demers. She testified as follows: At about 6 a.m. on May 24, 1975, she was driving westerly on interstate 95 when she saw the Michaud vehicle traveling easterly in the right hand lane at about fifty-five miles per hour, which was within the speed limit. There was a station wagon about three car lengths ahead of the Michaud vehicle and a pickup truck about the same distance behind it, both in the right hand lane. The Michaud vehicle drifted off the road, and hit the two rock ledges described, one after the other. Before drift-

ing off the road, the Michaud vehicle did not make any sharp turn. There was fog which had lifted, so that it did not affect visibility.

Richard Gilbert testified as follows: He was a passenger in a pickup truck which the Michaud vehicle passed on the Baldwin Bridge prior to the accident. He estimated the bridge to be about one quarter of a mile or more from the point of the accident. When the Michaud vehicle passed his vehicle on the bridge it was traveling at about fifty miles per hour, and it stayed in the passing lane for about five car lengths before returning to the right hand lane. He next saw the Michaud vehicle on its side at the place of the accident.

Alexander Haveleck, the state police trooper who investigated the accident, put the point of the accident at about one mile east of the bridge. He found no skid marks left by the Michaud vehicle, no foreign objects or potholes in the highway, and no paint or other indication on the Michaud vehicle of collision with another vehicle. He discovered no mechanical defects in the Michaud vehicle.

The issue posed by the plaintiff's claim of evidentiary sufficiency is whether the evidence tending to show that Michaud was free from negligence "falls within the sphere of those cases upholding such a factual inference on the basis of admittedly meager circumstantial evidence; see, e.g., *Blados* v. *Blados,* 151 Conn. 391, 198 A.2d 213 (1964); *White* v. *Herbst,* 128 Conn. 659, 25 A.2d 68 (1942); *Meyer* v. *Barnes,* 2 Conn. App. 485, 488, 479 A.2d 1236 (1984); *Yeske* v. *Avon Old Farms School, Inc.,* 1 Conn. App. 195, 200–201, 470 A.2d 705 (1984); or those cases precluding such a finding as based on speculation or conjecture. See, e.g., *Toomey* v. *Danaher,* 161 Conn. 204, 286 A.2d 293 (1971); *Chasse* v. *Albert,* 147 Conn. 680, 166 A.2d 148 (1960); *Palmieri* v. *Macero,* 146 Conn. 705, 155 A.2d 750 (1959); *Latham*

v. *Hankey,* 117 Conn. 5, 166 A.2d 400 (1933)." *Patrick* v. *Burns,* 5 Conn. App. 663, 667–68, 502 A.2d 432 (1985).

The principle that a plaintiff must produce enough evidence to justify a finding of negligence on the part of another applies equally when his burden is, instead, to establish due care on the part of another. In both instances, he must remove the issue from the realm of speculation and lay a sufficient evidentiary foundation for a finding that the fact in issue is more probable than not. "When the circumstances point as strongly to the absence as to the existence of due care, or point in neither direction, there is no basis for a finding of due care." *Burke* v. *West Hartford,* 147 Conn. 149, 152, 157 A.2d 757 (1960). The plaintiff's evidence in this case fails to cross the evidentiary threshold of speculation.

There is insufficient evidence in this case upon which to base a finding that what caused the Michaud vehicle to leave the traveled portion of the highway was some factor not related to negligence of Michaud. Michaud did not testify. The only evidence relating to the exercise of due care by him was that he was traveling within the speed limit. Under the circumstances of this case, however, that alone is insufficient as a basis for a finding that he was not negligent in drifting off the highway, going across the shoulder, climbing the seven foot embankment and colliding with the rock ledges.

There was no evidence of a defect within the traveled portion of the highway, of any collision with another vehicle, or of any sudden happening which could have caused such an occurrence. Nor was there evidence of any defect in Michaud's vehicle, or of any sudden illness or disability overcoming him. Given this evidence, the jury had no more basis to find that Michaud's vehicle left the highway because of some-

thing beyond his control than to find that he simply failed to keep a proper lookout or negligently permitted himself to get drowsy and fall asleep at the wheel. On this state of the evidence, the circumstances point with equal strength to the absence as to the existence of due care; *Burke* v. *West Hartford,* supra; and "the fact-finder [would have been] left to speculate about the myriad causes of loss of control of a motor vehicle." *Patrick* v. *Burns,* supra, 668.

There is no error.

In this opinion the other judges concurred.