## MOHAMED OMAR *v.* NORTON MEZVINSKY (5338)

SPALLONE, BIELUCH and STOUGHTON, Js.

Argued December 15, 1987—decision released March 1, 1988

*Harold J. Geragosian,* for the appellant (defendant).
*William C. Franklin,* for the appellee (plaintiff).

SPALLONE, J. The defendant appeals from the judgment rendered after a jury verdict in favor of the plaintiff awarding damages in the amount of $26,000. The defendant claims that the trial court erred (1) in refusing to set aside the verdict, and (2) in its refusal to give a missing witness instruction.

From the evidence adduced at trial, the jury would have been justified in finding the following facts: The plaintiff, Mohamed Omar, and the defendant, Norton Mezvinsky, were social friends of long standing prior to the present litigation. During those years, the defendant, who was skilled in investments, and the plaintiff, who relied on the defendant's expertise, would enter into joint ventures wherein the plaintiff would entrust funds to the defendant who would invest those funds on behalf of the plaintiff. From time to time, the defendant would report the results of those investments to the plaintiff and repay the plaintiff his original investments plus any profits which had been made.

In November of 1982, at the request of the defendant, the plaintiff entrusted $20,000 to the defendant who was to invest it on behalf of the plaintiff. The defendant, with the plaintiff's assent, made investments which ultimately proved to be profitable. The defendant continued to make a series of investments which included the reinvestment of a portion of the profits made on the original investment; the defendant kept the plaintiff informed as to the results of the investments as they occurred.

In the summer of 1983, the plaintiff requested an accounting of all monies due him, including both his original investment and any profits. The defendant, in

response, paid the plaintiff $17,000 and indicated that an additional $26,000 would be forthcoming.

Thereafter, on several occasions, the plaintiff pressed the defendant for payment of the $26,000. Although the defendant acknowledged this sum was due, the money was not forthcoming. At one point, the defendant and the plaintiff met at the plaintiff's home where the defendant again admitted owing the $26,000 and indicated that it would be paid within a couple of weeks.

When the $26,000 was not paid at the time the defendant represented it would be, the plaintiff again pressed the defendant for payment. As a result of the plaintiff's insistence that payment be made, the parties reached an agreement, confirmed by letter, that they would meet at a hotel in New York City where the defendant would make payment. The meeting was held in November of 1983, but the defendant once again failed to pay as agreed. Shortly thereafter, for the first time, the defendant informed the plaintiff that he did not intend to pay. The plaintiff thereafter brought this action, sounding in conversion, which resulted in a plaintiff's verdict in the amount of $26,000. The defendant's motion to set aside the verdict was denied, and judgment was rendered in the amount of $31,188.60, plus costs taxed at $294.[1]

The defendant presents us with two theories to support his first claim that the trial court erred in refusing to set aside the verdict. First, the defendant contends that because money cannot be the subject of conversion, the jury verdict must fail; second, he claims that the plaintiff did not present evidence sufficient to support his claim of conversion. We find there is no merit to either claim.

---

[1] The parties had stipulated that, in the event of a plaintiff's verdict, the statutory interest rate of 8 percent would be applied to the damage award for the period of January 1, 1984, to the date of judgment.

Money can clearly be subject to conversion. See *Devitt* v. *Manulik,* 176 Conn. 657, 662–63, 410 A.2d 465 (1979) (recovery of money wrongfully taken from joint survivorship bank account); *Dunham* v. *Cox,* 81 Conn. 268, 270–71, 70 A. 1033 (1908) (recovery of a sum of money entrusted to the defendant for payment to a third person); *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 445, 489 A.2d 398 (1985), aff'd, 200 Conn. 630, 513 A.2d 52 (1986) (recovery by insurer from insured's attorney pursuant to General Statutes [Rev. to 1979] § 38-325 [b]); see also *Unigard Ins. Co.* v. *Tremont,* 37 Conn. Sup. 596, 599–600, 430 A.2d 30 (1981); *State* v. *Blawie,* 31 Conn. Sup. 552, 556–57, 334 A.2d 484 (1974).

As for the second theory, whether the evidence was sufficient to prove conversion was for the jury to decide. *State* v. *Scielzo,* 190 Conn. 191, 196, 460 A.2d 951 (1983). It is also within the province of the jury to determine credibility and the effect to be given the testimony. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981). Likewise, it is the jury's right to consider evidence, draw logical deductions and make reasonable inferences from facts proven. *State* v. *Schoenbneelt,* 171 Conn. 119, 126, 368 A.2d 117 (1976). It may accept or reject the testimony of any witness; *Zarembski* v. *Three Lakes Park, Inc.,* 177 Conn. 603, 608, 419 A.2d 339 (1979); and determine the weight to be given the evidence. *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). Accordingly, the trial court's refusal to set aside the verdict on the basis of insufficiency of evidence was not clearly erroneous. There was ample evidence submitted by the plaintiff to support the jury's verdict in this case.

The defendant's second claim is that the trial court committed error when it refused to charge the jury that it could draw an adverse inference from the plaintiff's failure to call certain witnesses. We disagree.

At the time the defendant submitted his request to charge, he asked that the court instruct the jury in accordance with the adverse inference rule set forth in *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598 (1960). The rule established by *Secondino,* and refined by subsequent caselaw, is that " ' "[t]he failure of a party to produce a witness who is within his power to produce and who would naturally have been produced by him, permits the inference that the evidence of the witness would be unfavorable to the party's cause." ' *Secondino* v. *New Haven Gas Co.,* supra, 675, quoting *Ezzo* v. *Geremiah,* 107 Conn. 670, 677, 142 A. 461 (1928)." *Shelnitz* v. *Greenberg,* 200 Conn. 58, 73, 509 A.2d 1023 (1986).

The defendant claims that the plaintiff's counsel should have produced Niva Omar, the plaintiff's wife, and Walter Bernas, claimed by the defendant to be one of the plaintiff's "closest personal friends." The defendant failed to offer any positive proof that Niva Omar was available to the plaintiff. "Before a negative inference can be drawn from a party's failure to produce a particular witness, it *must be shown* that the party was able to procure the witness' physical presence in court." (Emphasis added.) *Shelnitz* v. *Greenberg,* supra, 74–75. Contrary to the defendant's contention, the fact that this witness is the plaintiff's spouse does not, per se, make her "available" in the context of a *Secondino* charge, and the proferred language in *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 342, 422 A.2d 260 (1979), does not stand for such a proposition. See *State* v. *Hart,* 198 Conn. 424, 428–29, 503 A.2d 588 (1986). The defendant did not sustain his burden of proof under the first prong of *Secondino.*

As to Bernas, there is no dispute with regard to his availability as he was in attendance throughout the trial. This time, however, the defendant runs afoul of the second prong of *Secondino* which requires that the

538

witness is one who would naturally be produced. " 'A witness who would naturally be produced . . . is one who is known to that party and who, by reason of his relationship to that party or to the issues, or both, could reasonably be expected to have peculiar or superior information material to the case which, if favorable, the party would produce.' *Nichols* v. *Coppola Motors, Inc.,* [supra, 343], quoting *Secondino* v. *New Haven Gas Co.,* supra." *New England Whalers Hockey Club* v. *Nair,* 1 Conn. App. 680, 685, 474 A.2d 810 (1984). Aside from the bald allegation that Bernas is the plaintiff's "best friend," the defendant did not provide the trial court with any information which would indicate that Bernas possessed "peculiar or superior information material" to the parties' dispute. In the absence of any such evidence, the court was fully justified in refusing to charge the jury as requested.

The trial court's conduct in denying the defendant's motion to set aside the verdict as well as its refusal to give a *Secondino* charge was entirely appropriate under the facts and circumstances of this case.

There is no error.

In this opinion the other judges concurred.