PHYLLIS MCGLOIN ET AL. *v.* TOWN OF SOUTHINGTON
(5355)

DALY, STOUGHTON and FOTI, Js.

669

Argued May 17—decision released August 23, 1988

*Herbert Watstein,* with whom, on the brief was *Julius Watstein,* for the appellants (plaintiffs).

*John W. Lemega,* with whom, on the brief, was *Richard C. Tynan,* for the appellee (defendant).

STOUGHTON, J. The plaintiffs brought this action against the town of Southington alleging a breach of its statutory duty under General Statutes § 13a-149[1] in failing to sand Canal Street, a town road, following a winter storm. The plaintiffs appeal from the judg-

---

[1] General Statutes § 13a-149 provides: "DAMAGES FOR INJURIES BY MEANS OF DEFECTIVE ROADS AND BRIDGES. Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to the selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corpora-

ment rendered by the trial court on the jury's verdict for the defendant. The plaintiffs claim that the trial court erred in (1) refusing to charge the jury that it could draw an adverse inference from the failure of the defendant to produce certain witnesses, (2) failing to charge the jury that damage to the named plaintiff's car could not be considered in deciding whether she exercised due care, and (3) refusing to charge the jury that skidding is not negligence per se, and that the named plaintiff was not under a duty to stay at home on the day of the accident. We find no error.

From the testimony and the evidence adduced at trial, the jury could reasonably have found the following facts. On the evening of December 27, 1981, Southington experienced a snow and rain storm. The town responded to the storm by dispatching all of its sanding crews, but did not deem there to be sufficient snowfall to warrant plowing of roads. On December 28, the temperature was well above freezing and a light rain fell until 6 a.m. on December 29.

On December 29, 1981, at about 8 a.m., the named plaintiff, Phyllis McGloin, was driving her car in a northerly direction on Canal Street. Her husband was driving another vehicle approximately five car lengths ahead of her car. The husband testified that both cars were traveling at twenty miles per hour and that the roads were covered with ice. He lost sight of his wife's car when it was about 100 yards from the route 84 overpass. Somewhere in the last 100 yards, the named plaintiff lost control of her car and struck one

tion. If the injury has been caused by a structure legally placed on such road by a railroad company, it, and not the party bound to keep the road in repair, shall be liable therefor. No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby."

of the concrete bridge abutments of route 84. She suffered personal injuries, and the repair of the damage to her car cost $3500. The named plaintiff had no recollection of the accident, and there were no eyewitnesses.

The plaintiffs' first claim is that the trial court erred in refusing to charge the jury that it could draw an adverse inference from the failure of the defendant to produce certain witnesses. See *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960). The plaintiffs' claim that Lawrence DellaVecchia, the defendant's employee who sanded the road, was a witness the defendant would naturally have produced. They also contend that Marvin Zelman, a psychiatrist who examined the named plaintiff on behalf of the defendant, was a witness whom the defendant would naturally have produced. Testimony was elicited during trial that DellaVecchia was still employed by the defendant at the time of the trial, and that Zelman was practicing psychiatry in Hartford.

We note initially that the plaintiffs' request to charge as to DellaVecchia was not made in compliance with Practice Book § 318.[2] The request to charge did not state the proposition of law to be applied, nor did it state "the evidence to which the proposition would apply." Practice Book § 318; see *Battista* v. *United Illuminating Co.*, 10 Conn. App. 486, 498, 523 A.2d 1356, cert. denied, 204 Conn. 803, 525 A.2d 1352 (1987);

---

[2] Practice Book § 318 provides: "—FORM AND CONTENTS OF REQUESTS. When there are several requests, they shall be in separate and numbered paragraphs, each containing a single proposition of law clearly and concisely stated with the citation of authority upon which it is based, and the evidence to which the proposition would apply. Requests to charge should not exceed fifteen in number unless, for good cause shown, the court permits the filing of an additional number. If the request is granted, the court shall apply the proposition of law to the facts of the case.

"A principle of law should be stated in but one request and in but one way. Requests attempting to state in different forms the same principle of law as applied to a single issue are improper."

see also *State* v. *Robinson,* 14 Conn. App. 40, 43–46, 539 A.2d 606 (1988). The record shows that DellaVecchia's name was merely penciled into the request to charge concerning Zelman. Such noncompliance with our rules of practice alone permits the trial court to refuse to give the requested charge. *Shelnitz* v. *Greenberg,* 200 Conn. 58, 72, 509 A.2d 1023 (1986); *Battista* v. *United Illuminating Co.,* supra, 499. Beyond that, however, the plaintiffs failed to show that they were entitled to a *Secondino* charge.

" ' "If a party fails to call a witness, then the *Secondino* rule permits the jury to draw an inference that the witness's testimony would have been unfavorable to the party's cause if the jury first finds that: (1) the witness was available; and (2) the witness was one the party would naturally produce. *Bell* v. *Bihary,* 168 Conn. 269, 271, 362 A.2d 963 [1975]; *Raia* v. *Topehius,* 165 Conn. 231, 237, 332 A.2d 93 [1973]; *Secondino* v. *New Haven Gas Co.,* [supra, 675]. To charge the jury on the rule, the party claiming the benefit of the rule must show that he is entitled to it. *State* v. *Brown,* 169 Conn. 692, 704, 364 A.2d 186 [1975]; *Raia* v. *Topehius,* supra; *Queen* v. *Gagliola,* 162 Conn. 164, 169, 292 A.2d 890 [1972]." *Doran* v. *Wolk,* 170 Conn. 226, 229, 365 A.2d 1190 (1976).' *Nichols* v. *Coppola Motors, Inc.,* 178 Conn. 335, 340–41, 422 A.2d 260 (1979)." *Grabowski* v. *Fruehauf Trailer Corporation,* 2 Conn. App. 167, 170, 477 A.2d 685 (1984).

The plaintiffs contend that under *Nichols* v. *Coppola Motors, Inc.,* supra, 342, the availability requirement may be shown "from the relationship, usefulness, or nature of the expected testimony . . . ." Our Supreme Court, however, has subsequently made it clear that proof of the existence of a relationship alone will not satisfy the plaintiff's burden of showing availability. It must be shown that the party was able to procure

the witness' physical presence in court. *Shelnitz* v. *Greenberg,* supra, 74–75; *Omar* v. *Mezvinsky,* 13 Conn. App. 533, 537, 537 A.2d 1039 (1988).

The mere fact that DellaVecchia was in the defendant's employ does not require a determination that he was available for trial. There must be more. In *State* v. *Hudson,* 14 Conn. App. 463, 541 A.2d 534 (1988), where we upheld the trial court's delivery of a *Secondino* charge concerning an alibi witness, the state produced not only evidence that the missing witness was the defendant's brother, but also that he currently lived in New Haven and had been seen there only three weeks before trial. Id., 469 n.2. We concluded that this was sufficient evidence to support a finding by the jury that the witness was available. Id., 469. In the present case, however, the plaintiffs did not produce any evidence concerning DellaVecchia's whereabouts either before or during trial. We therefore uphold the trial court's determination that the evidence produced was insufficient to justify giving the *Secondino* charge to the jury.

Moreover, the only evidence DellaVecchia could offer concerned the condition of Canal Street two days before the accident. In the time between the storm and the accident, it rained and the temperature rose above freezing. Because it was not shown that DellaVecchia could testify as to the condition of Canal Street on December 29, he was not necessarily a witness the defendant would naturally have produced. The plaintiffs were not entitled to a *Secondino* charge regarding DellaVecchia.

The plaintiffs also failed to produce evidence to show that Zelman was available within the meaning of *Secondino.* Again, a mere statement by another witness that Zelman was practicing psychiatry in Hartford

does not constitute a showing of present availability;[3] see *Shelnitz* v. *Greenberg,* supra, 76; *Omar* v. *Mezvinsky,* supra.

The plaintiffs' second claim is that the trial court erred in allowing the jury to consider the amount of the damage to the named plaintiff's automobile in deciding whether she had been in the exercise of due care at the time of the accident.[4] The trial court correctly

---

[3] In response to the plaintiffs' exception to the failure to give the two *Secondino* charges, the trial court stated: "I will note your exception on those. The Court did not charge on those because I felt you did not meet the two-pronged test of both availability and the fact that he is in practice. He could be in Europe now. I have no idea whether he is available. That applies to both frankly, both of them, and in addition they were not necessarily witnesses who would naturally be produced, in my opinion. Because in the opinion of the Court, Mr. DellaVecchia probably would have been just corroborative of Yurzcak. There was no written record of the sanding of the street and it would have been just from memory, from five and a half years ago and in my opinion, they would not be witnesses naturally produced by the party against whom you seek to impose the Secondino. For that reason, I did not charge them. So your exception is noted."

[4] The relevant part of the trial court's charge to the jury was as follows: "So, in effect, [the plaintiff's husband] was stating that she was operating at that speed. He did not observe the collision. There was no eyewitness testimony to the actual impact with the abutment. He stated he went around the corner, he had some trouble operating the van with equipment in it.

"You have heard testimony concerning the type of car she was driving, the equipment, that it was fairly new. You have heard testimony concerning her speed from the husband, not from her. And, there is no other witness. You have heard testimony concerning the glare ice and that was confirmed by the officer at the time when he arrived at the scene some five or ten minutes after the accident.

"You may consider the damage to the vehicle as another element. I believe she said it was $3500 damage and I think it was a new car. She said something about $7000. You may consider the officer's investigation which you will have in evidence. You will have that report to review. Again, the officer was not an eyewitness. He did not see it. But upon his arrival, he looked at things, saw the conditions and he came to certain conclusions as to contributing factors and I believe Mr. Watstein argued yesterday and he found no contributing factors on her part.

"Again, this is his opinion. He did not see the accident. It is for you to review that opinion, but it is something you may consider. You must consider all these elements in determining, making the ultimate determina-

charged that in order to recover under General Statutes § 13a-149, the named plaintiff was required to prove, among other things, that the defect in the highway was the sole proximate cause of her injuries. *Lukas v. New Haven,* 184 Conn. 205, 207, 439 A.2d 949 (1981); *Janow v. Ansonia,* 11 Conn. App. 1, 3, 525 A.2d 966 (1987). In other words, the named plaintiff had to prove she was not contributorily negligent. There is no presumption under General Statutes § 13a-149 that the named plaintiff was exercising due care at the time of the injury.[5] *Janow v. Ansonia,* supra, 4, citing *Jacen v. East Hartford,* 133 Conn. 243, 246, 50 A.2d 61 (1946), and *Porpora v. New Haven,* 119 Conn. 476, 479, 177 A. 531 (1935).

Whether the plaintiff was in the exercise of due care may be shown by circumstantial evidence when there

tion as to whether she has proven to you that she was in the exercise of due care and was free of contributory negligence. You should consider the plaintiff's speed at the time of the accident, even based on the speed testified to by Mr. McGloin, if you accept his testimony. He is the only one that saw her operation just prior to the accident. But you may consider the plaintiff's speed as being approximately twenty miles per hour and you have to determine whether that speed was reasonable for the conditions then and there existing with the glare ice on Canal Street, with a hill, with a curve and with the bridge abutment and lack of guardrail and the like.

"You should consider whether the operator was maintaining a proper lookout or keeping her car under proper control in light of the conditions that prevailed on that particular morning December 29, 1981. You have no evidence, no eyewitness to the actual accident itself. But in spite of that, the plaintiff has the burden of proving to you that she was free from contributory negligence."

[5] Generally, there is a presumption of reasonable care in negligence cases. General Statutes § 52-114 provides: "PLEADING OF CONTRIBUTORY NEGLIGENCE. In any action to recover damages for negligently causing the death of a person, or for negligently causing personal injury or property damage it shall be presumed that such person whose death was caused or who was injured or who suffered property damage was, at the time of the commission of the alleged negligent act or acts, in the exercise of reasonable care. If contributory negligence is relied upon as a defense, it shall be affirmatively pleaded by the defendant or defendants, and the burden of proving such contributory negligence shall rest upon the defendant or defendants."

is no direct evidence of the incident in question. *Burke* v. *West Hartford,* 147 Conn. 149, 152, 157 A.2d 757 (1960). The amount or type of physical damage that a car sustains in an accident is one of the factors a jury may consider in deciding whether or not due care was being exercised at the time of the accident. *Notarino* v. *Powers,* 6 Conn. App. 300, 505 A.2d 17 (1986); *Meyers* v. *Barnes,* 2 Conn. App. 485, 488, 479 A.2d 1236 (1984). " 'When the circumstances point as strongly to the absence as to the existence of due care, or point in neither direction, there is no basis for a finding of due care.' *Burke* v. *West Hartford,* [supra], 152." *Roy* v. *Michaud,* 5 Conn. App. 695, 700, 501 A.2d 1231 (1985), cert. denied, 198 Conn. 806, 504 A.2d 1060 (1986).

Under the circumstances of this case, the jury could infer from the physical damage that the car sustained, that the named plaintiff was traveling at an unreasonable speed given the conditions, and thus, was not exercising due care. *Meyers* v. *Barnes,* supra; see also *Terminal Taxi Co.* v. *Flynn,* 156 Conn. 313, 318, 240 A.2d 881 (1968). We will not disturb a verdict if, from the evidence presented, the jury could reasonably have reached the conclusion it did. *Patrick* v. *Burns,* 5 Conn. App. 663, 666, 502 A.2d 432 (1985), cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986).

The plaintiffs' third claim is that the trial court erred in not instructing the jury in accordance with two requests to charge.[6] The plaintiffs requested that the

---

[6] The plaintiffs' requests to charge were as follows: *"There is no evidence that plaintiff's vehicle skidded,* but I do charge you the skidding of a car is not negligence in itself but only when the skidding is due to the fault of the driver. I charge you that if the skidding was not due to any negligent act of plaintiff then the fact that her car skidded does not necessarily establish negligence. If plaintiff acted as a reasonably prudent person under the circumstances, she will not be held negligent merely because her car skidded and caused damages. Thus, if plaintiff was not negligent in the operation of her vehicle up to the moment that she skidded, then she was

jury be instructed that (1) skidding is not negligence per se, and (2) that the named plaintiff was not under a duty to stay home on the day of the accident. We find no error in the trial court's refusal to give these instructions because these issues were never raised by the evidence at trial. There was simply no evidence that the named plaintiff had skidded, and she acknowledged as much in her request to charge. Neither party made any claim during trial that the named plaintiff should not have ventured out onto the highway on the date of the accident. " 'It is established law that it is error for a court to submit to the jury an issue which is wholly unsupported by the evidence. *State* v. *Rose,* 169 Conn. 683, 687, 363 A.2d 1077 [1975].' *Novak* v. *Anderson,* 178 Conn. 506, 508, 423 A.2d 147 (1979)." *Wassell* v. *Hamblin,* 196 Conn. 463, 470–71, 493 A.2d 870 (1985).

There is no error.

In this opinion the other judges concurred.

not negligent unless her conduct after the car skidded did not measure up to that of a reasonably prudent person under the circumstances.

"The plaintiff was under no duty to stay at home or a take a different route, and not travel on Canal Street, a public highway. Her only duty was to use due care. You have the police report which found plaintiff did not contribute to this collision and you have heard testimony of Mr. McGloin as to what he observed about his wife's operating of the automobile." (Emphasis added.)