[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The following are the court's findings and conclusions with regard to the pending motions to confirm and vacate. CT Page 11552
1) The assignment and assumption agreement ("the agreement") fixes venue for both arbitration and litigation in Connecticut (Paragraphs 10 and 12). Having selected Connecticut as the forum, all matters of procedure are governed in accordance with Connecticut law and not Florida law. It is fundamental that the law of the forum governs matters of procedure. Chasse v.Albert, 147 Conn. 684 (1960).
2) Paragraph 13 of the agreement governs notice and service of process. This provision requires that all notices be given to the parties at addresses therein specified. The language of the provision clearly contemplates the possibility that in a given case there may be no actual notice when it states that "all communication shall be deemed to have been duly given (when delivered or mailed) if . . . . mailed by registered or certified mail, postage prepaid, or its equivalent." (Emphasis added). Thus, there is no requirement under the agreement of either actual notice or actual receipt.
3) Paragraph 10 of the agreement provides for arbitration of disputes in accord with the rules of the American Arbitration Association. Rule 6a of the Commercial Arbitration Rules requires the initiating party to give written notice to the other party
of its demand for arbitration. Notice was in fact given to Mark Stern as duly appointed agent for service in accordance with §34-104. In addition, the American Arbitration Association gave Stern written notice of the pendency of the demand in accordance with paragraph 15 of the agreement and Rule 40 of its Rules. On June 9, Stern sent the demand to five different individuals by certified mail, return receipt requested, none of whom is the respondent, Avon Financial Services. There is no evidence that either notice was received by the respondent.
4) Section 34-105 permits but does not require that service be made upon the statutory agent for service.
5) On July 28, 1997 the Association mailed (certified, postage paid) a notice of hearing to the respondent at the address set forth in the agreement.
6) The notice of demand given to the agent for service and the notice of hearing given by the association complied with the agreement and the association's rules and § 52-413. CT Page 11553
7) The petitioner made no challenge to the timeliness of the application to vacate. The award is hereby confirmed and the motion to vacate is denied.
A. William Mottolese Presiding Judge, Civil