[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION ON APPLICATION FOR PREJUDGMENT REMEDY
Plaintiff in this case alleges in her April 15, 1998, complaint, and in testimony that she entrusted funds to defendant which defendant was to use and manage for the benefit of plaintiff, plaintiff's husband, who is illiterate, and plaintiff's family. The funds were derived from lottery winnings. Plaintiff alleges that defendant has failed to pay plaintiff's bills, as promised, and that defendant has converted a significant amount of the funds to her own use. Plaintiff testified that she turned to defendant for assistance after being informed that the individual previously managing her lottery winnings had misappropriated some of these funds.
A hearing was held on June 22, 1998, at which plaintiff presented testimony and evidence in support of her application CT Page 8377 for prejudgment remedy, including bank records showing relevant deposits and withdrawals. At that hearing, defendant, representing herself, chose to assert her fifth amendment privilege against self-incrimination when called upon to testify.
As noted at the hearing, a probable cause determination is a preliminary, limited finding and is not intended to be a full trial on the merits. Three S. Development Co. v. Santore,193 Conn. 174, 175 (1984). Probable cause is a bona fide belief in the facts essential under the law for the action and such as would lead a reasonable, prudent person to entertain such belief. The belief does not have to be correct or more likely true than false. Three S. Development Co., 193 Conn. at 175. It is not necessary for the moving party to prove the case by a fair preponderance of the evidence. McCahill v. Town and CountryAssociates, Ltd., 185 Conn. 37, 39 (1981).
With specific reference to the instant case, it has been held that "Money can clearly be subject to conversion." Omar v.Mezvinsky, 13 Conn. App. 533, 536 (1988); See also Devitt v.Manulik, 176 Conn. 657, 660 (1979). It has also been held that a party's invoking of the fifth amendment privilege against self-incrimination does not forbid the court from drawing an adverse inference. Olin Corp. v. Castells, 180 Conn. 48, 53-54 (1980). It should also be noted that plaintiff is seeking treble damages for theft pursuant to Connecticut General Statutes Section 52-564.
Review of the full record including testimony of the plaintiff and the hearing exhibits persuades the Court that there is probable cause to conclude that significant sums have been converted by defendant while she occupied a position of trust. While accurately arriving at a precise sum is difficult given the limited record of this case, the Court concludes, particularly in light of the claim for treble damages under Section 52-564, that there is probable cause to support plaintiff's request for an attachment in the amount of $115,000. Of course, an accurate appraisal of the amounts converted, if any, must await discovery, and more detailed analysis, and a full trial.
Plaintiff may therefore attach to the value of $115,000 the real property of the defendant at 1408 Enfield Street, Enfield.
Defendant is reminded that pursuant to the order of June 11, 1998, she is restrained from transferring or otherwise CT Page 8378 voluntarily encumbering 1408 Enfield Street, Enfield, Connecticut until further order of the court.
In light of the circumstances of this case, defendant is advised to obtain legal counsel.
Douglas S. Lavine Judge Superior Court