ALAN WALLACH ET AL. *v.* NORMAND KALIN,
ADMINISTRATOR, ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 95730

Memorandum filed October 9, 1953.

*Marshall S. Feingold,* of Hartford, for the Plaintiffs.

*Halloran, Sage & Phelon,* of Hartford, for the Defendants.

HOUSE, J. In this action the plaintiff, who is ten years old, sues through his father and next friend the estate of his grandfather and his grandmother. The allegation is that the grandparents owned a cottage in which was installed a wringer type washing machine and that while the plaintiff was visiting his grandparents and due to their negligence he was injured by the washing machine.

The defendants pleaded by way of special defense that the plaintiff is an unemancipated minor grandson of the defendants and that, therefore, no action lies against these defendants on his behalf. To this special defense the plaintiff has demurred.

This demurrer raises, apparently for the first time in this jurisdiction, the question as to whether an unemancipated minor may sue his grandparents in tort. It is well established that in Connecticut a child cannot maintain an action for personal injuries against his parent. The recognized reasons for the rule include the injury to the family unity which would otherwise result, and the consequent family

discord which would arise. See *Mesite* v. *Kirchenstein*, 109 Conn. 77. The disability has not, however, been here extended beyond the parent-child relationship. A spouse may bring an action against a spouse; *Brown* v. *Brown*, 88 Conn. 42; *Bushnell* v. *Bushnell*, 103 Conn. 583; and a tort action by one infant brother against another has been permitted although both were unemancipated and lived together in the same home. *Robinson* v. *Pournazes*, 12 Conn. Sup. 331.

It should be noted that there is no claim that the defendant grandparents stood in loco parentis to this plaintiff, so it is unnecessary to consider the cases in which that relationship is a factor. See note, 19 A.L.R. 2d 423, "Liability of Parent or Person in Loco Parentis for Personal Tort against Minor Child."

The precise question has been passed upon by the New York courts, which have permitted a minor grandchild to recover for the negligence of a grandmother. See *Spaulding* v. *Mineah*, 239 App. Div. 460, aff'd, 264 N.Y. 589.

.The reasons for the rule which prohibits such actions by a child against his parent have been exhaustively explored in an article in 43 Harvard Law Review 1030—McCurdy, "Torts between Persons in Domestic Relation." Especially where the parties live in separate households and where the grandchild is residing with and receiving his care, support, protection and discipline from his own parents, there appears no sound reason for an extension in favor of grandparents of the child's disability to recover for a tort.

Plaintiffs' demurrer is sustained.