[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling On Defendants' Motions For Summary Judgment Dated June 9,1998
These consolidated cases arose out of an automobile accident and present common issues of fact and law, and were argued together. The parties submitted memoranda of law supported by affidavits and other documentary evidence. For the reasons that follow, the defendants' motions for summary judgment are denied.
I. Standard For Summary Judgment
The standards for granting of summary judgment are well established. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary CT Page 1711 judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which under applicable principles of substantive law, entitle him to a judgment as a matter of law; and the party opposing such a motion must provide am evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 380-81, A.2d (1998).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582 (1984). Summary judgment is particularly "ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . " Michaud v. Gurney,168 Conn. 431, 434, 362 A.2d 857 (1975).
II. Discussion
A. First, Second, Fourth, Fifth, Seventh, Eighth and Tenth Counts
The first, fourth and seventh counts allege negligent operation by the defendants' decedent. The second, fifth and eighth counts allege recklessness and were not specifically briefed by the defendants, apparently on the theory that they would fall with the negligence counts, and therefore the court does not address them.
Although this is an extremely close case, [must view the meager facts established by the pleadings, affidavits, and the police and autopsy reports in the light most favorable to the plaintiffs.
Apart from an anonymous telephone call to a 911 number, there were no eyewitnesses to this; one car collision with a tree, well off the traveled portion of the highway. There is evidence of very substantial damage to the motor vehicle from the impact. There is also evidence that some of this damage resulted from efforts by rescue personnel in the extrication of the five occupants of the motor vehicle. The minor plaintiffs were asleep at the time of the collision; the fourth plaintiff survived the collision, but died soon thereafter; the decedent operator died CT Page 1712 immediately.
The defendants have moved for summary judgment, relying onToomey v. Danaher, 161 Conn. 204, 286 A.2d 293, (1971) claiming that the plaintiffs have the burden of showing negligence on the part of the decedent operator, and they cannot meet that burden, and thus remove the case from the realm of conjecture and surmise.
In Toomey, which also involved a one car, off the road impact with a fixed object, our Supreme Court set aside a judgment on a jury verdict for the plaintiff. The Supreme Court pointed out that while negligence can be demonstrated by circumstantial evidence, res ipsa loquitur is not applicable, "since common experience shows that causes of motor vehicle accidents other than driver negligence are not infrequent." Id., 207. The Supreme Court identified three causes which would have to be ruled out to draw inference of driver negligence in cases of this type: a sudden mechanical failure, a sudden illness, and a sudden emergency. The plaintiffs have clearly provided sufficient evidence in the record, which, if believed, would tend to rule out the first and third factors, leaving the second, sudden illness, as the issue over which the parties seriously contend.
The extent of the damage to the vehicle, and other circumstantial evidence, including the age, health and physical condition of the driver, the age and condition of the motor vehicle, the posted speed limit of 50 mph, the propensity of the decedent driver to doze off in the afternoon, and other factors, could allow a jury to find that the vehicle was being operated at a speed that was greater than reasonable under the surrounding circumstances. See Terminal Taxi Co. v. Flynn, 156 Conn. 313,318, 240 A.2d 881 (1968).
Moreover, the official autopsy, medical examiner's report and death certificate list the cause of death of the defendant's decedent driver as "blunt trauma of chest and abdomen" and the manner of death as "accident". These are opinions of the office of the chief medical examiner of the state of Connecticut, albeit signed by the associate medical examiner. The defendants have submitted affidavits from the identical associate medical examiner and a neurosurgeon which discuss possibilities of a heart attack or subarachnoid hemorrhage which may have caused the decedent operator to lose consciousness prior to his loss of control of his vehicle, however, the affidavits are not based on CT Page 1713 reasonable medical probabilities, and, in any event, cannot be conclusive upon the decedent driver's negligent operation or lack thereof. Rather, they raise a genuine issue of material fact as to what really happened to cause him to lose control of the vehicle and crash into the tree.
The defendants therefore, have simply not met their burden of demonstrating the nonexistence of a genuine issue of material fact as to negligent operation by their driver. Accordingly, they are not entitled to summary judgment on the negligence and reckless claims of the plaintiffs as a matter of law.
B. Third, Sixth and Ninth Counts
The defendants also assert that the minor plaintiffs' claim of negligent supervision in the third, sixth and ninth counts fails as a matter of law, because there was no cognizable duty. The three minor plaintiffs were twin grandsons of the defendants' decedents, age 8 at the time of the incident, and a grandson age 12. The defendants also argue that the negligent supervision claim is founded upon the decedents' failure to assure that their grandsons, as rear seat passengers, were buckled into their seat belts, as the decedents promised the childrens' mother. Plaintiffs' counsel had candidly conceded at oral argument that their negligent supervision claim rests upon the failure to see that the children were buckled in; they assert that the childrens' injuries were much more severe in the absence of the use of the seat belts.
The defendants argue that there can be no duty by grandparents to assure that rear seat child passengers of ages of the minor plaintiffs, are safeguarded by seat belts. The defendants cite no authority for this precise position; there is however, authority for the proposition that grandparents may be liable for negligent supervision of a grandchild. See Wallach v.Kalin, 18 Conn. Sup. 333 (1953); also, see Mitchell v.Ensign-Bickford HazPros, Inc., Superior Court judicial district of Bridgeport, Docket No. 119742 (July 14, 1995, W. Sullivan, J.) (Grandparents allowed to be cited in for apportionment).
As the defendants recognize, negligent supervision liability of nonparents in a custodial or caretaking capacity has been recognized by our appellate courts in a number of areas. SeeFonck v. Stratford, 24 Conn. App. 1, 584 A.2d 1998 (1991) (claim of negligent supervision of children by town recreation directors CT Page 1714 and counselors of a 9 year old during baseball game at summer recreation program); Purzycki v. Town of Fairfield,244 Conn. 101, 708 A.2d 937 (1998) (school principal and board of education owed duty to supervise elementary school children in their care).
The plaintiffs, as stated, claim that the failure of the defendants' decedents to properly supervise the children by assuring that they were buckled into seat belts resulted in a magnification of their injuries.
The defendants argue that as the negligent supervision claim is founded on the nonuse of seat belts, and as the seat belt allegation was deleted from the complaint in response to a request to revise and by order of the court (Mulcahy, J.), the evidence that the minor plaintiffs were not using seat belts is inadmissible. The court disagrees, first, because it is unclear as to what basis the court ordered the specific allegation deleted, and second, the ultimate admissibility of this evidence must be left to the discretion of the trial judge. Third, General Statutes § 14a(c)(4), as argued by the defendants, does not apply to this precise situation.[1]
As recognized by the Appellate Court, "there has never been an established common law duty to wear seat belts in Connecticut." Bower v. D'Onfro, 38 Conn. App. 685, 692,663 A.2d 106, cert. denied, 235 Conn. 911, 665 A.2d 606 (1995). The Appellate Court went on to discuss the elimination by the legislature of the "seat belt defense." "This issue was addressed in legislative debate. The failure to wear a seat belt would be in no way involved in the issue of causation of the accident. During the legislative debate, the possibility was discussed that a passenger could suffer an injury that he would not have suffered but for failure to wear seat belt. . . . It was made clear that the seat belt defense could not be raised in such a case. . . . Clearly the legislature has decided not to allow arguments [such as the seat belt defense] to prevent redress for injured plaintiffs." (Citations omitted; internal quotation marks omitted). Id., 690-91.
I conclude therefore that the statute's purpose was to prevent admissibility of the nonuse of a seat belt in defense of a plaintiff's claim, and does not apply, either on its face or implicitly, to the failure of a child's nonparent caretaker to properly supervise a child over the age of four, under the circumstances of the present case. CT Page 1715
For the reasons set forth, the motions for summary judgment must be, and are denied.
Teller, J.