[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant has moved for summary judgment in this action where the plaintiff is seeking to recover uninsured motorist benefits for serious injuries he suffered when a piece of metal pipe flew through the windshield of his car as he drove on the highway. The basis of the motion is that absent speculation and conjecture, the plaintiff is unable to prove that the accident was caused by the negligence of an uninsured motorist.
Facts
The plaintiff alleges that he was injured on December 16, 1993 at 1:23 p. m. while traveling on Interstate 95 in Fairfield, Connecticut. He alleges that at that time and place he was struck in the face by a piece of cast iron pipe, which fell from an unidentified passing vehicle and came through the windshield of his 1985 Toyota Tercel. He further alleges that he was a resident of his parents' household at the time of the accident and therefore is entitled to collect uninsured motorist benefits CT Page 4686 under a policy of insurance issued by the defendant to his parents, which policy provides in pertinent part:
 We will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
At his deposition, the plaintiff testified that an object came flying through his windshield, but he had not observed what the object was or where it had come from. Thomas Langner, a passenger in a vehicle that was several car lengths behind the plaintiff at the time of the accident testified that he saw an object fly up over the jersey barrier from the opposite side of the highway and crash into the windshield of the plaintiff's vehicle. Two expert witnesses disclosed by the plaintiff have opined that the pipe probably fell off of an open truck. However, at their depositions, both expert witnesses conceded that there were other possible causes of the metal pipe through the plaintiff's windshield, which causes did not arise from the "ownership, maintenance or use of [an] uninsured motor vehicle."
Discussion of Law and Ruling
The defendant argues by analogy to a line of Connecticut cases, including Toomey v. Danaher, 161 Conn. 204, 286 A.2d 293
(1971); Chaise v. Albert, 147 Conn. 680, 166 A.2d 148 (1960);Palmieri v. Macero, 146 Conn. 705, 708, 155 A.2d 750 (1959), which hold that in actions where negligent operation of a motor vehicle is claimed, the plaintiff must establish negligence on the part of the operator of the car by sufficient evidence to remove the issue from the field of surmise and conjecture.
In Toomey there were no eyewitnesses to the accident, which involved one car with two occupants. One of those occupants died in the accident and the other could not recall the accident at the time of the trial. Negligence, therefore, if any, could only be demonstrated by circumstantial evidence. The Court set aside a verdict in favor of the plaintiff on the grounds that a finding of negligence could not be reached without resort to conjecture and speculation, since no one knew what caused the accident, and CT Page 4687 it could have been caused by something other than negligence, such as sudden mechanical failure or sudden illness of the operator. 161 Conn. at 211.
The plaintiff relies on Keystone, Ins. Co. v. Raffile,225 Conn. 223, 622 A.2d 564 (1993), an uninsured motorist case which held that a claimant who alleges that an accident was caused by an unidentified vehicle is not required, even in the absence of physical contact, to present independent corroborative evidence as to the cause of the accident. Specifically, the plaintiff relies on the following language from Raffile:
 The claimant will satisfy his or her burden of proof if the evidence induces in the mind of the trier a reasonable belief that it is more probable than not that the accident occurred in the manner in which the claimant asserts. C. Tait J. LaPlante, Connecticut Evidence (2d Ed.) 4.4.1(a). The claimant's evidence need not negate all other possibilities or exclude every other reasonable conclusion. Terminal Taxi Co. v. Flynn, 156 Conn. 313, 318, 240 A.2d 881 (1968). Admittedly, in a case such as the one presently before us, the evidence might be scarce. There may be no eyewitness, the physical evidence at the accident scene may evince nothing more than the fact that an accident occurred, and an accident reconstructionist may only be able to give an expert opinion primarily based on the claimant's own account of the accident. The paucity of evidence, however should not defeat the claimant's right to persuade the trier that his claim is valid.
 If the extent of a claimant's evidence is his or her account of how the accident occurred, then the claimant's credibility will be tested and evaluated by the trier of fact as in any civil action. "The credibility of a witness is a matter for the jury and, except in rare instances, there is no requirement that a witness's testimony be corroborated by other evidence." C. Tait J. LaPlante, supra, 7.30.1. The absence of corroboration, of course, may affect the triers decision as to the sufficiency of the evidence and the burden of proof; C. Tait J. LaPlante, supra; but this factor goes to the weight of the claimant's case rather than to his or her ability to bring the case before the trier. We see no reason why the traditional tests of credibility, testimony under oath and cross-examination, coupled with the claimant's burden of proof, are insufficient to provide protection against fraudulent claims.
225 Conn. at 235-236. CT Page 4688
In Raffile, the claimant was severely injured in a one car accident after his vehicle swerved off the road into a utility pole. The claimant lost consciousness after the impact and awoke in the emergency room of Yale-New Haven Hospital. He remained in the hospital for more than a month after the accident. During that time, he underwent seven operations to correct a fracture of the neck. After his release from the hospital, the claimant went to Florida for six months to stay with his parents while he recuperated. The claimant's wife claimed that she had not discussed the details of the accident with the claimant while he was hospitalized because he did not appear to be coherent or rational. On the morning after the accident, she called her automobile insurance carrier, reported the accident and stated that the claimant had fallen asleep behind the wheel and had hit a tree or a telephone pole. Ten days later she submitted a no-fault benefits application to the plaintiff and described the accident similarly.
The police accident report noted that no skid marks were found in the area of the accident and that there were no witnesses to the accident. Hospital records indicated that the defendant's serum blood alcohol level was approximately 0.15% to 0.24% of body weight. The claimant admitted to having consumed approximately one bottle of wine immediately prior to the accident.
Almost two years after the accident the claimant made an uninsured motorist claim in which he stated that an unknown vehicle that had entered the road in front of his vehicle had caused him to swerve and to strike the utility pole. A majority of the arbitrators found for the claimant and assessed his damages at $450,000, which it reduced by the claimant's 50 percent comparative negligence. The claimant's insurer subsequently applied to vacate the arbitrators' award on the grounds, inter alia, that the award contravened public policy because the defendant had failed to prove his claim of a force and run accident by independent corroborative evidence. The trial court granted the application to vacate the award on the grounds that Streitweiser v. Middlesex Mutual Assurance Co.,219 Conn. 371, 593 A.2d 498 (1991), required the claimant to provide corroborative evidence of his version of the accident and that, because all the testimony presented emanated from the claimant's representations, he had failed to provide such corroborative evidence. CT Page 4689
In disavowing the corroboration requirement, which it seemingly recognized in Streitweiser v. Middlesex MutualAssurance Co., 219 Conn. 371, 593 A.2d 498 (1991), the Supreme Court concluded that the public policy favoring uninsured motorist coverage outweighed the danger of fraudulent claims created by the absence of the requirement of evidence of contact or corroboration:
 We also recognize, however, that the uninsured motorist legislation is designed for the truly innocent and not for the fraudulent policyholder. In determining whether a corroboration requirement is necessary in force and run accidents we must, therefore, balance: (1) the prominent public policy favoring uninsured motorist coverage: (2) the potential for a flood of fraudulent claims: and (3) the potential loss of valid claims that cannot be corroborated by evidence independent of the claimant's version of the facts. In weighing these concerns, we conclude that the scale must tip in favor of the claimant and that a standard requiring corroborative evidence independent of the claimant's testimony is not warranted.
225 Conn. at 233.
In Raffile the evidence that the claimant was injured by a force and run motorist was definite but highly questionable. A trier could certainly have concluded that the claimant's own conduct, including his intoxication, caused his accident and that the force and run driver had never existed. In the present case the evidence that the plaintiff was injured as a result the of ownership, maintenance or use of an uninsured motor vehicle is based only on speculation. However, a trier could not conclude that plaintiff caused his own injuries or concocted a tale about a phantom uninsured vehicle. Putting it another way, Raffile
presented a far greater possibility of a fraudulent claim than does this case.
If the strong public policy in favor of uninsured motorist coverage outweighed the strong possibility of a fraudulent claim present in Raffile, then it must surely outweigh the mild possibility that the plaintiff's injuries arose from some cause other than the ownership, maintenance or use of an uninsured motor vehicle. For the foregoing reasons, this court cannot grant the Motion for Summary Judgment and that Motion is denied. CT Page 4690
AURIGEMMA, J.